THE ATWELL-MONTEE CAISSON CORP.

vs.

THE MERRITT, CHAPMAN & SCOTT CORP.

Superior Court      Middlesex County .          File #7166

Present:   Hon. PATRICK B. O'SULLIVAN, Judge.

James M. Kelly,                Attorney for the Plaintiff.

Cummings & Lockwood,      Attorneys for the Defendant.

## MEMORANDUM FILED JUNE 14, 1937.

O'SULLIVAN, J. The defendant has filed a demurrer to the complaint which relates the following events: On May 7, 1936, the plaintiff and the defendant entered into a written contract whereby, for the latter's promise to pay $24,400.00, the former agreed to furnish the necessary outfit to sink caissons in the Connecticut River and to prepare them for the pouring of concrete. The contract which is made a part of the complaint, provided that the setting of the caissons would be completed by August 6, 1936, but further added that the provision concerning this limitation of time might be modified in the event that the defendant should make performance impossible within the agreed time by failing to complete certain preparatory work which it agreed to do. Another provision was to the effect that should disputes arise which could not be adjusted by the parties, their solution should be left to three arbitrators, one to be chosen by the plaintiff, another by the defendant, and the third, by the other two.

On November 13, 1936 arbitrarily and without justification the defendant refused to continue the use of the plaintiff's

outfit although the latter at all times complied with the terms of its agreement. Although request has been made for the payment of the agreed sum of $24,400.00, or for the reference of the dispute to arbitration, the defendant refuses to comply with either. The relief sought is damages for the breach of the contract and a mandatory injunction to compel the defendant to refer the matter to arbitration.

The demurrer presents three grounds of attack:

1. It alleges that there is a misjoinder of causes of action. **Sec. 5512 of the General Statutes** provides that in any civil action the complaint may include both legal and equitable causes of action, for which demand may be made for both legal and equitable remedies. The statute then proceeds to place a limitation upon the type of the causes of action which may be included in one complaint. Of the several classifications made by the statute the last enumerated one appears applicable to the instant complaint. It provides that causes of action may be joined upon claims arising out of the same transaction or transactions connected with the same subject of action.

A transaction is something quite apart from a "right of action", and something more comprehensive than a "cause of action". A transaction is something which has taken place whereby a cause of action has arisen. It must, therefore, consist of an act or agreement, or several acts or agreements having some connection with each other, in which more than one person is concerned, and by which the legal relations of such persons between themselves are altered. **Craft Refrigerating Machine Company vs. Quinnipiac Brewing Company, 63 Conn. 551, 560.** Stated in different language but to the same general effect, Pomeroy says that an action is a single continuous connected proceeding, negotiation, or conduct of business between parties, characterized by a unity of action and circumstance and from one event. See also memorandum by Judge Prentice, **7 Yale Law Review, 246.** Of course, it is obvious that from a transaction several causes of action may result each of which may entitle an injured party to more than one remedy. These principles then indicate that if there are two causes of action joined in the complaint they flow from the same transaction and may properly be included in one complaint.

2. The second ground of demurrer is to that portion of

the complaint which purports to state "a cause of action for the appointment of arbitrators, and an injunction requiring the defendant to comply with the arbitration clause contained in the contract and for such other remedies as in equity may pertain because (1) it does not appear that either the plaintiff or the defendant is a resident of Middlesex County, and (2) it does not appear that the plaintiff has no adequate remedy at law".

There is nothing in the complaint to indicate where the contract was executed. But as its entire beneficial operation and effect is to be had within the State of Connecticut the contract will be construed according to our law. **McLoughlin vs. Shaw, 95 Conn., 102. Chapter 302 of the General Statutes** makes valid, irrevocable and enforceable any agreement in writing to arbitrate disputes between parties.

The defendant's ground of demurrer rests on its claim that the language of the sections of the arbitration chapter limits their availability only to residents of the state. Neither party to this action is a resident of Connecticut, and hence, it is argued, the agreement to arbitrate cannot be enforced. While the statute does place a limitation on the venue where one or more of the litigants are residents, that factor does not preclude the Superior Court in any County from making operative the arbitration statutes provided the Court obtains jurisdiction of the parties. This it has in the instant case, and its authority runs to the same extent as it would, were the parties residents of the state.

As this right to arbitration is a creature of statute, it is an additional remedy to any which this plaintiff already may have. It follows that it is not essential to allege that the plaintiff has no adequate remedy at law.

3. The third ground of demurrer attacks that cause of action seeking legal relief because "(1) It appears from the complaint that said contract was to be completed by August 6, 1936; (2) It appears that the plaintiff did not fulfill its contractual duties within the time specified in said contract; (3) It does not appear that said contract was modified in any respect."

Suffice it to say with reference to these three reasons that the complaint does allege that the plaintiff did at all times. comply with the terms of the contract, which in turn provided for its own modification and that the defendant arbitrarily

and without justification breached the contract. While these are broad allegations, it is apparent that they are ample to permit evidence that a modification of the contract was made, that the plaintiff at all times honored its agreement, and that there was a breach thereof by the defendant.

In conclusion it might be observed that it has been difficult to ascertain from the demurrer whether the second and third grounds actually attack any cause of action, or whether they are directed against the relief requested. They have, however, been construed as properly challenging the causes of action in question.

Accordingly, the demurrer is overruled.