SALLY PULEO *v.* HERMAN GOLDBERG ET ALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued April 8—decided May 8, 1942.

*John Keogh, Jr.,* with whom was *Gerald R. Steinberg,* for the appellant (defendant Nussman).

*William H. Tribou,* with whom, on the brief, was *Edward I. Taylor,* for the appellee (defendant Gray Line Bus Corporation).

AVERY, J. This action was brought by Sally Puleo, who alleged in her complaint that she was riding as a passenger in a bus of the defendant Gray Line Bus Corporation, and that she was injured in a collision between the bus in which she was riding and an automobile owned by Morris Nussman and driven by his agent, Goldberg. She claimed that this collision was due to the negligence of the operators of the bus and the automobile. Nussman, the defendant who owned the automobile, filed a cross-complaint against the Bus Corporation setting up that his automobile was damaged in the collision by reason of the negligence of the operator of the bus and claiming damages for those injuries. On motion of the defendant Gray Line Bus Corporation, the cross-complaint was stricken out and the defendant Nussman has appealed.

The Practice Book, § 112, provides that "cross-complaints of the nature of cross-bills in equity, touching matters in question in the original complaint, may be filed by the defendant in any action, whether such action be for legal or equitable relief, and additional parties summoned in to answer the same, if necessary." This rule was discussed in *Harral* v. *Leverty,* 50 Conn. 46, 63, where we said that "a defendant by a counter-

claim under the statute, cannot bring in for adjudication any matter that is not so connected with the matter in controversy under the original complaint that its consideration by the court is necessary to a full determination of the rights of the parties as to such matter in controversy, or, if it is of a wholly independent character, is a claim upon the plaintiff by way of set-off, and not a claim against a co-defendant." The ruling in this case was considered in *Hubley Mfg. & Supply Co.* v. *Ives,* 81 Conn. 244, 248, 70 Atl. 615, where we said of the action that it was one "to foreclose a mortgage given by one Leverty, who held the legal title, but was under an obligation to convey the property, for a sum much less than its value, to one McDonald. A foreclosure was granted against Leverty as the legal owner and McDonald as the equitable owner; the decree providing that a redemption by McDonald should operate to vest in him the legal title. McDonald had filed a counterclaim against Leverty for damages for fraud in refusing to make the stipulated conveyance, and also for the difference between the amount of the plaintiff's mortgage and the sum for which Leverty had agreed to convey to him. We held that there was no error in refusing to McDonald the relief thus sought, since the matter which he set up was not so connected with the mortgage that its consideration was necessary to a full determination of the rights of the parties, and could furnish no ground for a set-off against the plaintiff. He had an equity against Leverty, but none against Harral."

*State* v. *Wright,* 50 Conn. 580, was an action brought upon a surety bond given to secure the faithful performance of his duties by the treasurer of a board of county commissioners. The suit having been brought by the state against the treasurer and the bondsman,

the bondsman filed a cross-complaint asking that the other commissioners be made parties so that he might have judgment against them for their proportionate amount of the damage. We held that, as the bond guaranteed the fidelity of the defendant Wright, it concerned him and the plaintiff only, and we said (p. 583): "The Practice Act does not permit a defendant to burden a cause and delay its progress to a conclusion by citing in parties whose legal relation is only to himself, and by raising for determination issues which can by no possibility affect the judgment to be rendered. The permission given to him to secure the presence of co-defendants rests not at all upon the ground that it is for his advantage, but solely upon the fact that in their absence it is impossible to render a judgment which may not be re-opened." In *Lowndes* v. *City National Bank,* 79 Conn. 693, 696, 66 Atl. 514, where an administrator, who was cashier of a bank, misappropriated funds of the estate for the bank's benefit and the surety, an indemnity company, paid the estate the amount of its loss, took an assignment of its claim against the bank and sued the bank in the name of the estate, we held that the bank could not compel the indemnity company either to sue in its own name or be made a co-defendant merely to enable the bank to collect in such suit the amount of a bond which the indemnity company had given the bank as surety for its cashier, as the two causes of action and the transactions out of which they respectively arose were entirely distinct and independent. See *National Bank of Commerce of New London* v. *Howland,* 128 Conn. 307, 312, 22 Atl. (2d) 773, and cases there cited.

The test is whether the transactions are distinct and independent or are connected in the sense that the claim under the cross-complaint is so related to that made in the complaint that consideration of the

former is essential to a full adjudication of the parties' rights as to the latter. The matter in demand in the cross-complaint was the damage claimed to have been done to Nussman's automobile in the collision. This was an entirely separate matter from the damage to the plaintiff by reason of her personal injuries claimed to have been received in the same collision. The claim raised by Nussman in the cross-complaint in no way concerned the plaintiff nor was its determination necessary to a decision in the suit between the plaintiff and the defendants.

There is no error.

In this opinion the other judges concurred.