STEPHEN J. PALINKAS
*vs.*
KATHLEEN G. SCANLON ET ALS.

Court of Common Pleas     Fairfield County     File No. 42701

## MEMORANDUM FILED MAY 28, 1942.

*Lassin & Giorchino,* of South Norwalk, for the Plaintiff.

*Keogh & Candee,* of South Norwalk, for the Defendants Scanlon.

*Tammany & Connery,* of South Norwalk, for the Defendant Olsen.

Memorandum of decision on demurrer.

FITZGERALD, J.   By writ, summons and complaint dated September 26, 1941, and returned to this court on the first Tuesday of November, 1941, plaintiff brought this action against the defendants Scanlon for trespass to real property alleged to be owned by him and claims: "1. $650 damages; 2. A mandatory injunction requiring said defendants to demolish and remove (a) hedge and fence from the land....3. An injunction to restrain the defendants, their agents and servants, from trespassing on said premises, from erecting or creating and maintaining fences and from depriving in any other manner the plaintiff of his right to and use of said premises."

On December 4, 1941, the defendants Scanlon filed a motion requesting that one William L. Olsen be made an additional party defendant "because of the fact that he is a necessary party to a full determination of the issues of the case (by reason of the fact that he) is the grantor of the defendant, Kathleen G. Scanlon."

On December 19, 1941, the court (Wall, J.), granted the aforesaid motion.

On December 29, 1941, as appears from the sheriff's return, a copy of the cross complaint on file was duly served on said Olsen wherein it is alleged, among other things, that in the event plaintiff prevails in his action they, the defendants Scanlon, would be deprived of the use and enjoyment of the premises in question under the warranty deed of June 15, 1940, from Olsen to the defendant Kathleen G. Scanlon, thereby suffering damages as well as incurring expenses for attorneys, surveyors, witnesses, and cost of suit.   The defendants Scanlon conclude in their cross complaint with the following claims for relief:

"1.  $1,000 damages.

"2. Reimbursement for any and all amounts by way of judgment and costs which they may be ordered in this action to pay to the plaintiff, Stephen J. Palinkas.

"3. A reimbursement for all reasonable expenses and attorneys' fees which are incurred in connection with the defense of this suit in the event it is established that there was a breach of warranty in the conveyance from William L. Olsen to Kathleen G. Scanlon."

On January 28, 1942, attorneys for the said Olsen filed a general appearance for him as such codefendant.

On April 10, 1942, the defendant Olsen filed a demurrer to the second and third prayers for relief under the cross complaint of the defendants Scanlon, which interposed demurrer is the subject of this memorandum.

The grounds of the demurrer to the second and third prayers for relief under the cross complaint are identical: the action "is an ordinary action at law and the (defendants Scanlon), if entitled to any relief, are entitled only to legal relief and under the allegations of the complaint are not entitled to special, exemplary or punitive damages, as in said prayer claimed."

The defendant Olsen, in support of his demurrer, cites such cases as *Gustafson vs. Rustemeyer*, 70 Conn. 125; *Stacy vs. Brothers*, 93 id. 690; and *Morrell vs. Wiley*, 119 id. 578, as standing for the proposition that under the cross complaint in this case the defendants Scanlon are entitled to recover of him, if anything, such damages only as represent the difference between "the actual value of the property at the time of purchase, and its value if the property had been what it was represented or warranted to be."

The cited cases on their pleadings and on their facts are distinguishable. In the case at bar the defendants Scanlon are placed in a position, and so allege, that in the event plaintiff prevails they will suffer financially in various respects because of an adjudged defective title to real estate attributable to Olsen's breach of warranty under his deed of June 15, 1940. At least in so far as the defendant Kathleen G. Scanlon is concerned (for it was she who took title, colored or otherwise, from Olsen in June, 1940) she should be allowed the relief claimed of Olsen. Since the defendant Olsen makes no point of the defendant Thomas F. Scanlon joining with

the defendant Kathleen G. Scanlon (presumably husband and wife) in the relief asked, the court passes by this aspect.

The court accepts as controlling the case of *Town of Waterbury vs. Waterbury Traction Co.,* 74 Conn. 152, 165. ("Such costs and expenses as were thus shown to have been reasonably necessary, the plaintiff was entitled to recover as part of the natural and direct consequences of the defendant's wrongful act.")

In passing the court directs counsel's attention to the very recent opinion of the Supreme Court in *Puleo vs. Goldberg,* released on May 20, 1942, and not appearing to date in the advance sheets.* Whether or not the defendant Olsen would be successful in interposing a demurrer on other grounds under the *Puleo* decision and cases therein cited, is of course a matter not before the court at this writing. The *Puleo* opinion should be read by all counsel.

For reasons stated, the demurrer is overruled *in toto.*

* 129 Conn. 34.