Plaintiff under its complaint alleges that on June 16, 1946, it carried a collision insurance policy on a car owned by a Mr. and Mrs. Myers; that due to the negligent operation by defendant of his car the two cars came into collision, resulting in the Myers' car sustaining damages; that it has been obliged to pay over to the Myers $682 under the policy of insurance; that it has been subrogated to the claim of the Myers' against defendant, for which recovery herein is sought.
For answer defendant admits and denies the various allegations of the complaint (no special defense being pleaded) and has filed a crosscomplaint in which he alleges that the collision was caused by the negligent operation of the Myers' car resulting in damages to his car in the amount of $500 for which he seeks recovery of plaintiff.
Plaintiff demurs to the crosscomplaint on the ground that it does not appear therein that it is legally responsible for the operation of the Myers' car. *Page 276 
The question presented by the demurrer is interesting as well as novel. It is of course true that plaintiff stands in the shoes of its insured and is subject to any and all defenses which would be available against them had they brought suit in their own names. Citation of authority for this elementary proposition is not required. For example, the defense of contributory negligence in the operation of the Myers' car could be pleaded and, if proven as a material factor in causing the collision, would defeat plaintiff's recovery. But this aspect does not control the immediate question.
Plaintiff's complaint specifically alleges that the contract of insurance in force between it and the Myers' was a "collision insurance policy." A policy of this character, legally speaking, does not partake of the attributes of a "liability policy." Hence plaintiff is not required to respond under the particular kind of policy for any damages resulting to third parties for the negligent operation of the Myers' car.
Research has uncovered no case in which the precise point on pleadings has been raised. It is considered, however, that defendant under his crosscomplaint in effect is seeking to bring in for adjudication a matter not connected with the matter in controversy under the complaint. See statement of the full rule inNational Bank of Commerce of New London v. Howland,128 Conn. 307, 312, and cases cited; Puleo v. Goldberg, 129 Conn. 34,35 et seq. While the rule has been generally applied in support of striking out pleadings, there is no practical reason why it should not be of equal efficacy in testing the propriety of a pleading raised by demurrer, since a demurrer if sustained accomplishes the same result.
 Further discussion is not required. For reasons stated the demurrer is sustained.