Plaintiff by its complaint is seeking to recover of the defendant money it has been obliged to pay Edith Conte under a collision insurance policy because of a collision between the Conte car and the defendant's car on January 23, 1948. The complaint recites the usual allegations of negligence. It sufficiently appears that the plaintiff brings suit as assignee and subrogee of its insured. The defendant's motion to have the plaintiff's insured cited in as a coplaintiff to respond to a proposed counterclaim of the defendant is resisted.
Argument of counsel is centered on the memorandum of the trial court in National Fire Ins. Co. v. Brown, 15 Conn. Sup. 275. In that case the status of the plaintiff on its complaint was comparable to that of the plaintiff in the instant case. The defendant filed a cross-complaint directed solely against the plaintiff insurer, and the court sustained the plaintiff's demurrer thereto. Here the defendant seeks to have the plaintiff's insured made a coplaintiff to the end that a counterclaim may be directed against her for damages. Hence the conclusion reached on the demurrer of the plaintiff insurer in the case cited is not controlling on the motion presented in the instant case for reasons stated in that memorandum.
The distinction drawn by the defendant here between the two situations is that in the case cited the defendant was seeking a recovery against the plaintiff insurer under the cross-complaint, whereas in the instant case the defendant seeks a recovery only against the plaintiff's insured under a proposed counterclaim. *Page 91 
The distinction is pertinent. Whenever possible all issues arising out of a single episode or transaction should be litigated at the same time.
 Motion granted. Order of citation to be filled in by the clerk.