Plaintiff brings this action to recover damages for personal injuries alleged to have resulted from a fall through an open cellar door on premises located at 1386 Chapel Street, New Haven. The defendants are six in number. The defendant Anastasion is alleged to be the owner of the building; the defendants Loulis, Bungeely and Pappas are alleged to conduct a restaurant in the building; the defendant Christian is alleged to be engaged in the business of selling carbonated gas for soda fountain purposes; and the defendant Ward is alleged to be the servant or agent of the defendant Christian. Plaintiff has alleged that the open cellar door through which he fell was due to the negligence of all defendants in specified respects.
The defendants have now filed answers. Christian and Ward join in a single answer. Loulis, Bungeely, Pappas and Anastasion likewise join in a single answer. The latter defendants in addition have filed a cross-complaint against the other two defendants in which they seek to be held harmless by those defendants in the event of a judgment against all of them. This pleading alleges that the plaintiff's fall was due to the negligence of the other defendants in which they did not participate. The theory underlying the pleading is considered hereinafter.
Broadly stated, the expunging defendants argue that, while the cross-complaint of the other defendants would doubtless be sanctioned under the new rules of federal procedure which obtain in the federal courts, it is not sanctioned under the rules and statutes pertaining to pleading which presently control in the *Page 153 
state courts of Connecticut. The Connecticut rule relating to the propriety of a cross-complaint is succinctly stated in Puleo
v. Goldberg, 129 Conn. 34, 37: "The test is whether the transactions are distinct and independent or are connected in the sense that the claim under the cross-complaint is so related to that made in the complaint that consideration of the former is essential to a full adjudication of the parties' rights as to the latter." See, also, National Bank of Commerce of New London
v. Howland, 128 Conn. 307, 312, and cases there cited.
In resisting the motion to expunge their cross-complaint, the defendants so pleading invoke the recent cases of PreferredAccident Ins. Co. v. Musante, Berman Steinberg Co.,133 Conn. 536, and Fidelity Casualty Co. v. Jacob Ruppert, Inc.,135 Conn. 307. These cases stand for the proposition that as between defendants who are jointly liable in respect to a tort, that defendant whose liability is of a constructive character as distinguished from that of actual wrongdoer is entitled to indemnity in an action brought by him against that defendant who was the actual wrongdoer and with whom he was not in pari delicto. In short, the cases are concerned with status and the exception to the rule of general application that contribution does not lie between joint tort-feasors. The cases arose out of litigation between plural defendants subsequent to judgments in favor of initial plaintiffs.
The conclusion reached is that the cross-complaint on file cannot withstand the thrust of the motion to expunge. This is because the present rules of pleading in Connecticut do not appear to sanction its subject matter. To paraphrase Puleo v.Goldberg, supra, 38: The matter in demand in the cross-complaint is entirely separate from the subject of the plaintiff's complaint. The claim under the cross-complaint does not concern the plaintiff and its determination is not necessary to a decision in the suit between the plaintiff and all defendants.
That the plaintiff's alleged cause of action against all defendants may involve a primary and secondary liability as between them does not militate against the plaintiff's case as stated in his complaint. So it is that the interposed cross-complaint is not necessary to a decision in the case brought by the plaintiff. It is this aspect which must control the question presented. To reach a different result would require an enlargement of the Connecticut statutes and rules regarding pleadings. This is not the function of the court.
 Motion to expunge is granted.