At about 4:30 o'clock on the afternoon of October 6, 1950, a Ford coupe owned by Dominick LaMastro and a Ford station wagon owned by the defendant came into collision on Westfield Street, a public highway in Middletown. The plaintiff insurance company carried a policy of collision insurance on the LaMastro car. By virtue of its status as subrogee or assignee of LaMastro, the plaintiff in this action seeks to recover of the defendant damages for injuries sustained by its insured's car as a result of the collision.
Westfield Street runs east and west. Prior to the collision the LaMastro car, operated by the fifteen-year-old son of the owner, had been proceeding westerly along this highway; and the defendant's car, operated by her maid, had been proceeding easterly along the same highway. It is found that the defendant's car crossed over the center line of the highway at an angle and crashed head-on into the LaMastro car. It is further found that the youthful operator of the LaMastro car had become aware of the deviation of the defendant's car when it was about 100 feet in front of him, and that the sounded his horn and brought his car to a complete stop on the extreme northerly margin of the highway before the collision, but to no avail.
At the trial the defendant's operator readily admitted that her car did cross over the center line of the highway into the path of the LaMastro car, but advanced an explanation. The explanation was that a bee had come through the open window, alighted *Page 39 
upon her forehead, and then proceeded to crawl down under the right glass of the eyeglasses, causing her concern and confusion and instinctively resulting in her making efforts to protect her person at the expense of keeping a lookout along the highway.
It is interesting to note that the defendant's operator first testified that her struggle with the bee was over a period of five minutes before the collision. Later she curtailed the time element to three minutes. A full minute would probably be nearer the mark. In any event it is found as a fact that the defendant's operator gave her full attention to the bee and paid no attention to highway conditions, the control of her moving car, and the angle that her car was taking in crossing over upon that portion of the highway designed for westbound traffic.
Agency of the defendant's operator is not disputed. The defendant contends that her operator was confronted with a sudden emergency so as to defeat any implication of negligence. The law on this aspect has been stated thus: "In an emergency not due to his own negligence, one is not relieved of all obligation to exercise care but is required to exercise the care of an ordinarily prudent person acting in such an emergency." Puza v. Hamway, 123 Conn. 205,213; Degnan v. Olson, 136 Conn. 171, 177.
Upon the facts of the case the claim of emergency does not exonerate the defendant's operator from a finding of negligence. She was clearly negligent in giving her full attention to the bee and in completely ignoring the control of her car and the presence ahead of the LaMastro car. For a car to be permitted to proceed for a distance of 100 feet along a public highway without any attempt by its operator to control its movements constitutes various varieties of negligence. That a bee is the source of the operator's dilemma does not, on the facts found, *Page 40 
confer immunity from the imputation of negligence under the mantle of emergency. The discussion of the trial court in Marciano v. Marciano, 15 Conn. Sup. 492, is deemed pertinent on this aspect of the case.
The next question relates to the conduct of the operator of the LaMastro car. The plaintiff as subrogee or assignee of the claims of its insured, Dominick LaMastro, stands in the latter's shoes and is subject to any and all defenses which would be available against him had he brought suit in his own name. National Fire Insurance Co. v. Brown,15 Conn. Sup. 275, 276.
The operator was Joseph LaMastro, the fifteen-year-old son of the insured. Being under the age of sixteen years, he was not eligible to have issued an operator's license; General Statutes § 2377; and did not possess such license. But this aspect in itself would not defeat the father's right to recover damages had he, instead of his insurance company, been the party plaintiff. The Connecticut rule in this regard is stated by our Supreme Court of Errors in Kurtz v. Morse Oil Co., 114 Conn. 336, 342: "We have uniformly held that there was no casual relation between the fact that the operator of a car was licensed or unlicensed, and an injury occurring during its operation, and that the lack of such license could not be deemed to be the proximate cause of the injury and was not therefore actionable negligence, either as a ground of recovery or of defense."
One of the defendant's special defenses is that the plaintiff's insured permitted his son Joseph to operate the car when he knew that he did not possess an operator's license and when he knew that he was not qualified to operate properly. Proof only that an operator such as Joseph was unlicensed and inexperienced would not support a finding of contributory *Page 41 
negligence chargeable to the insured and therefore chargeable to the plaintiff. See Greeley v.Cunningham, 116 Conn. 515, 521. Joseph's negligence in the manner of his operation would have to be proved as any other fact. Prosser v. Richman,133 Conn. 253, 257.
Upon the evidence the court finds that Joseph in his operation of his father's car on the day in question was not guilty of contributory negligence. For all that appears his operation on the highway complied even with the standards expected of an adult operator. That he ran for his mother after the collision, and apparently was willing to have her come upon the scene in the fictitious role of the car's operator, are circumstances indicating lack of character on his part, but do not affect the prior standard of his operation, which has been found to be free of contributory negligence of a material nature.
A discussion of the liability phases of the case could well stop at this point. One other aspect is considered, although its presence in the case becomes academic in view of the foregoing discussion and findings. It was made to appear that in the Municipal Court of Middletown the plaintiff's insured subsequently pleaded guilty to a charge of permitting his minor son under the age of sixteen years to operate his car on a public highway. The charge doubtless was based on § 2419 of the General Statutes although the information did not specify the statute. The short answer is that upon the evidence the court cannot find as a fact that such permission was given but can find that the father did not confer such permission upon his son. The reason prompting the plea of guilty by the insured to the charge in question is subject to explanation. Moulin v. Bergeron,135 Conn. 443, 445. He was not represented by an attorney and was of the opinion that his son's operation *Page 42 
ipso facto established his own violation of the statute. His reasoning was faulty and his explanation for so pleading satisfies the court that the plea of record has no place in the decision of this civil action. As already noted, proof of the boy's negligent operation has to be established. Prosser v.Richman, supra. And such has not been established.
The sole proximate cause of the collision is found to be the negligence of the defendant's operator. Injuries sustained by the LaMastro car are in the amount of $446. Interest thereon is allowable from October 6, 1950 to date. Such approximates $40.
 The issues having been found for the plaintiff, judgment may enter for the plaintiff to recover of the defendant damages in the total amount of $486. Taxable costs are awarded the plaintiff as a further incident of the judgment.