ALLSTATE INSURANCE COMPANY *v.*
KIM L. APPELL ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 285659
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed November 22, 1983

*Donald P. Cianci,* for the plaintiff.

*Jack D. Barnston,* for the named defendant.

BIELUCH, J. The plaintiff insurer of Lisa A. DeRosa brought this subrogation action for reimbursement of monies it paid her for the property damage to her motor vehicle sustained in a collision between it and the named

defendant's automobile. The named defendant, in turn, counterclaimed for property damage to her car. The plaintiff has moved that the counterclaim "be dismissed for lack of jurisdiction over the plaintiff."

The motion to dismiss is improperly filed in this action. The function of a motion to dismiss is "to contest the court's jurisdiction." Practice Book § 142. The crux of the plaintiff's motion to dismiss is that the court lacks jurisdiction over its person. The plaintiff, by bringing this action, has invoked the jurisdiction of the court and has, therefore, subjected itself to the court's jurisdiction for the determination of all proceedings deriving from its complaint. For this simple reason the motion to dismiss the counterclaim should be denied.

The plaintiff makes two claims in support of its motion to dismiss. First, citing *Bartlett* v. *Travelers Ins. Co.,* 117 Conn. 147, 153, 167 A. 180 (1933), the plaintiff states that "a claimant has only an inchoate right against the insurer until judgment." Second, it states that under General Statutes § 38-175 the judgment creditor shall be subrogated to all rights of the insured "and shall have a right of action against the insurer" if a final judgment against the insured is not satisfied within thirty days after the date when it was rendered. These legal claims are not relevant to the particular issue now before the court.

A subrogee can obtain no greater rights against a third person than its subrogor had. *Connecticut Savings Bank* v. *First National Bank & Trust Co.,* 138 Conn. 298, 305, 84 A.2d 267 (1951). Consequently, the negligence of the insured is a bar to recovery by his subrogee. Ibid. "An insurer, as subrogee or assignee of claims of its insured, stands in the insured's shoes and is subject to any and all defenses which are available against the insured had he brought suit in his own name." *Southland Corporation* v. *Self,* 36 Conn. Sup.

317, 319, 419 A.2d 907 (1980), citing *Service Fire Ins. Co. of New York* v. *Hubbard,* 18 Conn. Sup. 37 (1952).

In *National Fire Ins. Co.* v. *Brown,* 15 Conn. Sup. 275 (1947), the plaintiff specifically alleged that the contract of insurance in force between it and its insured was a "collision insurance policy." In sustaining a demurrer to the defendant's cross complaint alleging the insured's negligence and seeking recovery from the insurer, the court observed (p. 276) that "[a] policy of this character, legally speaking, does not partake of the attributes of a 'liability policy.' Hence [the insurer] is not required to respond under the particular kind of policy for any damages resulting to third parties for the negligent operation of the [insured's] car."

*Hartford Fire Ins. Co.* v. *Lewis,* 16 Conn. Sup. 90 (1948), also involved a suit by the collision insurance carrier as assignee and subrogee of its insured. The defendant there moved to have the plaintiff's insured cited in as a coplaintiff to answer to a proposed counterclaim for negligence. The court held that the facts in *National Fire Ins. Co.* v. *Brown,* supra, were distinguishable and its ruling there inapplicable to this factual situation and granted the citation, stating (p. 91): "The distinction is pertinent. Whenever possible all issues arising out of a single episode or transaction should be litigated at the same time."

Practice Book § 116 provides, in relevant part: "In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint; and if necessary, additional parties may be summoned in to answer any such counterclaim." The underlying purposes of this rule are "judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of

what is essentially one action." *Wallingford* v. *Glen Valley Associates, Inc.*, 190 Conn. 158, 161, 459 A.2d 525 (1983). A counterclaim should be allowed where the matter raised is "so connected with the matter in controversy under the original complaint that its consideration by the court is necessary to a full determination of the rights of the parties as to such matter in controversy." *Puleo* v. *Goldberg*, 129 Conn. 34, 35–36, 26 A.2d 359 (1942). "The court may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the court may direct that they be brought in." Practice Book § 99.

In the present action the matter sought to be raised by the named defendant in her counterclaim arises from the same transaction as the matter raised by the plaintiff's complaint. The allowance of the counterclaim will result in judicial economy and the avoidance of a multiplicity of litigation in that the actions will involve substantially the same issues and facts. Accordingly, the motion to dismiss is denied and the defendant is ordered to prepare a proposed order citing in the plaintiff's insured, which the clerk is directed to complete and return to the defendant for service.