[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW
I.
Michael E. Nadeau (Nadeau) is an employee of Hudson Home Health Care, Inc. (Hudson). Hudson is insured by the plaintiff, Hartford Accident Indemnity Company (Hartford). Hudson allegedly rents a 1987 Chevrolet van from General Motors Corporation (GM), the van's owner. On January 17, 1990 Nadeau, while operating said van on Riverside Road in the town of Simsbury, collided with a horse owned by the defendant, Lisa Barney. The Collision caused damage to the van for which the plaintiff, Hartford, paid $9,194.00 to its insured, Hudson.
On September 4, 1990, the plaintiff insurance company, pursuant to its rights of subrogation, filed a one count revised complaint in its own name against the defendant Barney seeking recovery of sums paid to Hudson. On October 29, 1990 the defendant filed a motion to strike Hartford's revised complaint, along with a supporting memorandum of law. In her motion the defendant claims that Nadeau, Hudson, and G.M. are necessary parties that should be named in the plaintiff's complaint because the defendant can assert defenses against them that it cannot assert against Hartford. On November 5, 1990 the plaintiff filed an opposing memorandum of law.
 II.
"When any party wishes to contest . . . (3) The legal sufficiency of any such complaint. . .because of the absence of any necessary party, . . .that party may do so by filing a motion to strike the contested pleading or part thereof." Conn. Practice Bk. 152 (rev'd to 1978, as updated to January 4, 1991) (emphasis added). A motion to strike on the ground of the nonjoinder of a necessary party must state the necessary party's interest in the cause of action. Necessary parties are ; those persons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting CT Page 3142 all the rights involved in it. Biro v. Hill, 214 Conn. 1, (1990).
The defendant claims in her motion to strike that Nadeau, Hudson and G.M. are necessary parties because "The defendant has defenses to the instant action which cannot be effectively raised against an insurance carrier seeking subrogration." Since an insurer as subrogee stands in the place of the insured and succeeds to whatever rights he may have in the matter and defense which a wrongdoer has against the insured is good against the insurer subrogated to the rights of the insured. Orselet v. DeMatteo, 206 Conn. 542 (1988).
Any defenses which the defendant possesses against Nadeau, Hudson, and G.M. are interests possessed by the defendant and not those individuals claimed to be necessary parties. Further the defendant has failed to comply with Conn. Practice Bk. 152 which requires the movant to state the interest which the "necessary party" has in the cause of action. For this reason, the defendant has failed to show the existence of any interests possessed by either Nadeau, Hudson, or G.M., the adjudication of which necessitates their presence as parties.
Further, any defenses which the defendant may have against the plaintiff's insured (Hudson) may be equally asserted against the plaintiff. Orselet v. DeMatteo, 206 Conn. 542,546-47 (1988). Therefore, at least Hudson and possibly Nadeau, the insured's employee, are not necessary parties based upon the ground asserted.
 III.
The sole ground stated in the defendant's motion to strike is the absence of parties who are necessary for the defendant to effectively raise her defenses. Despite its absence in the motion itself the defendant's supporting memorandum argues that a subrogation claim must at common law be brought in the name of the insured. To support this proposition the defendant cites solely to 44 Am. Jur.2d Insurance 1823 [sic] (1982) which fails to give any authority regarding the validity of this proposition in the State of Connecticut.
The Connecticut Supreme Court has held that the right of subrogation possessed by an insurer is a right "not to be enforced by its possessor in his own name, but by him as the successor to the remedies of the person whom he has indemnified." Conn. Mutual Life Ins. Co. v. N.Y. N.H. R.R. Co.25 Conn. 265, (1856). However, the Connecticut Practice Book CT Page 3143 provides that "[a]n action may be brought in all cases in the name of the real party in interest. . . ." Conn. Practice Bk. 104 (rev'd to 1978, as updated to January 4, 1991). "Under the traditional test, party is a `real party in interest' if it has the legal right under the applicable substantive law to enforce the claim in question." Black's Law Dictionary 1137 (5th ed. 1979); See also Conn. Soc. of Architects, Inc. v. Bank Bldg. Equipment Corp., 151 Conn. 68, 74 (1963); Connecticut Assn. of Boards of Education, Inc. v. Shedd, 197 Conn. 554, 565
(1985).
Such a legal right has been alleged by the plaintiff in paragraph four of its complaint. Therein the plaintiff alleges that it "paid the damages sustained by [its] insured to [the insured's] motor vehicle and is subrogated to the insured's rights and causes of action as against the defendant to recover said sums paid."
An insurance company, as subrogee of an insured's rights, is a real party in interest and as such may sue in its own name to enforce those rights, as provided by 104 of the Connecticut Practice Book. Also it is common practice in Connecticut for an insurance Company to sue in its own name on a subrogation claim. See Russel v. Cassett, 5 CSCR 176
(February 15, 1990, Fuller, J.) (where the court in dicta indicated that although it is proper and a common practice for an insurer to bring a subrogation action in the name of its insured the action may be brought directly by the insurance company); Allstate Ins. Co. v. Appell, 39 Conn. Sup. 85 (Super. Ct. 1983); Service Fire Ins. Co. of N.Y. v. Dyer Hubbard,18 Conn. Sup. 37 (C.P. 1952); Hartford Fire Ins. Co. v. Lewis,16 Conn. Sup. 90 (C.P. 1948)
The "modern codes of practice" (i.e. both as provided by 104 of the Connecticut Practice Book and as conducted in the industry) allow an insurance company to assert a subrogation claim in its own name. Norwich Union Fire Ins. Soc. v. Standard Oil Co. 59 F. 984, 987 (8th Cir. 1894).
Therefore, it is concluded that the rule requiring a subrogation claim to be brought in the name of the insured, as stated by the court in Conn. Mutual Life Ins. Co. v. N.Y. 
N.H. R.R. Co., 25 Conn. at 277, is no longer applicable law. The plaintiff herein properly asserted its subrogation claim in its own name.
Therefore, the defendant's motion to strike is hereby denied.
STENGEL, J. CT Page 3144