[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE NO. 116
This action arises out of the purchase of all the issued and outstanding capital stock of Program Plus, Inc. by Herbert H. Eames from the defendants, Janet Bonazzo, Gary Bonazzo, Peter Jelacic, and Linda Bonazzo. Plaintiffs, Product Plus, Inc. and Herbert Eames in his capacity as the owner of the stock, brought a two count complaint, dated January 7, 1992, against the defendants.
In the first count, plaintiffs allege that the defendants conspired with each other to misrepresent the company's financial condition and business prospects sold corporate assets and retained funds generated removed corporate assets from inventory and converted corporate assets for defendant's own purposes. The second count alleges violations of CUTPA.
By way of pleadings entitled "setoffs and counterclaims" defendants assert the following: (1) a claim against Eames for unpaid rent and other charges incidental to the alleged breach of a real estate agreement; and (2) a claim filed by each of the defendants against Product Plus, Inc., for payment due on promissory notes executed for Product Plus, Inc. On October 28, 1992, plaintiffs filed a motion to strike defendants' "setoffs and counterclaims" on the grounds "that none of the claims asserted therein, arises out of the plaintiff's complaint as required by Practice Book 116." Plaintiffs' Motion to Strike, dated October 27, 1992.
A motion to strike is the appropriate vehicle "to contest (1) the legal sufficiency of the allegations of any complaint, CT Page 3363 counterclaim or cross-claim . . . to state a claim upon which relief can be granted. . . ." Practice Book 152. "All well pleaded facts are admitted and if facts which are provable under the allegations would support a cause of action or a defense, the motion to strike must fail." Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39, 42, 492 A.2d 219 (1985).
 [A] counterclaim is a cause of action existing in favor of the defendant against the plaintiff and in which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action . . . Practice Book 116 provides that a counterclaim must arise out of the transaction which is of the plaintiff's complaint.
(Citations omitted. Emphasis added.)
Town of Wallingford v. Glen Valley Associates, Inc.,190 Conn. 158, 160, 459 A.2d 525, (1983). In other words, "[a] counterclaim should be allowed where the matter raised is `so connected with the controversy under the original complaint that its consideration by the court is necessary to a full determination of the rights of the parties as to such matter in controversy.'"
Allstate Insurance Co. v. Appell, 39 Conn. Sup. 85, 88,468 A.2d 949 (Superior Court 1983), quoting Puleo v. Goldberg,129 Conn. 34, 35-36, 26 A.2d 359 (1942).
A setoff is defined as "[a] counterclaim demand which defendant holds against plaintiff, arising out of a transaction extrinsic of plaintiff's cause of action. . ." Black's Law Dictionary (5th Ed. 1979.) (Emphasis added.)
 The law of setoff is governed by General Statutes 52-139. The relevant portion of that statute provides: "(a) In any action brought for the recovery of a debt, if there are mutual debts between the plaintiff or plaintiffs, or any of them, and the defendant or defendants, or any of them, one debt may be set off against the other." (Emphasis added.) . . . A CT Page 3364 condition precedent to the application of 52-139 is that the defendant's claim arise from a debt due by the plaintiff. . . . A debt is defined as an "unconditional and legally enforceable obligation for the payment of money."
(Citations omitted.) Petti v. Balance Rock Associates,12 Conn. App. 353, 362, 530 A.2d 1083 (1987).
Thus, while a counterclaim arises out of the same transaction described in the complaint, a setoff is independent of the original action. Savings Bank of New London v. Santaniello, 130 Conn. 206, 210 33 A.2d 126 (1943). Nevertheless, whether a claim is characterized as a setoff or a counterclaim is not at issue because "[t]he title of the pleading is not controlling. The issue is, rather, whether sufficient facts are pleaded that would allow recovery as a setoff or as a counterclaim." (Citation omitted.) Northwestern Electric, Inc., v. Rozbecke, 6 Conn. App. 417, 426505 A.2d 750 (1986).
In plaintiffs' memorandum of law in support of their motion to strike, plaintiffs assert that defendant's "setoff and counterclaim" for the unpaid rent and the incidental charges is improper because the claim "is wholly unrelated to and independent of the tortuous [sic] acts giving rise to the [c]omplaint." #117, plaintiff's memorandum in support of motion to strike, p. 2. While the factual and legal issues raised by the defendants' claim do not arise out of the same events as described in the plaintiffs' complaint, the defendants have nevertheless plead sufficient facts for a setoff, as a setoff is extrinsic to the original action.
In the present action, defendants' claim for unpaid rent is a setoff, because defendants have alleged a debt due and owing by the plaintiff Eames. Accordingly, plaintiffs' motion to strike defendants' "setoff and counterclaim" for unpaid rent and other incidental charges related to the lease is denied as defendants have plead sufficient facts to allow recovery as a setoff.
Further, defendants have plead sufficient facts to allow recovery as a setoff for payment due on the promissory notes. Here, defendants allege that there is a debt due and owing by CT Page 3365 Product Plus, Inc. for money loaned to the corporation by each of the defendants. Moreover, the promissory notes are independent of plaintiffs' action as these notes were made for the corporation approximately one year prior to the stock purchase transaction. Accordingly, the promissory notes are a setoff and not a counterclaim, as the notes are extrinsic to the events described in plaintiffs' claim.
Plaintiffs' motion to strike defendants "setoff and counterclaim" with respect to the promissory notes is denied as defendants have alleged a proper setoff.
BALLEN, JUDGE