[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE CROSS-COMPLAINT (109)
The plaintiff, a foreclosing mortgagee, seeks to strike a cross-complaint filed by one of the defendants, which cross-complaint is directed against the defendant-property owners. The cross-complainant, a condominium association, seeks in the instant action to foreclose its statutory lien (Sec. 47-258, Conn. Gen. Stat.) for common expenses allegedly unpaid by the defendant-owners. It is the plaintiff's position that the cross-complainant's cause of action does not arise from the same transaction which gives rise to the plaintiff's complaint and therefore should not be a part of the action.
The defendant cross-complainant argues that its complaint arises out of the same transaction and is permitted by the rules of practice. P.B., Sec., 116. It also argues that permitting the cross-complaint to continue as part of the file will further the objectives of judicial economy by obviating multiplicity of litigation. Allstate Ins. Co. v. Appell, 39 Conn. Sup. 85, 87-88
(1983).
A motion to strike attacks the legal sufficiency of a pleading. [Ferryman v. Groton],** 212 Conn. 138, 142 (1989). It is the proper remedy by which to determine whether the allegations of a CT Page 10963 complaint state a good cause of action in law or equity. [Rutt v.Roche],** 138 Conn. 605, 607 (1952). It may also be used to contest "the joining of two or more causes of action which cannot properly be [united in one complaint]** . . ." P.B., Sec. 152(4).
What the plaintiff by its motion seeks to accomplish is the complete removal of the cross-complaint from the file. Its motion does not constitute an attack on the legal sufficiency of the pleading or does it concern the joinder of multiple causes of action in a single pleading.
The plaintiff's objective was formerly addressed by a motion to expunge. P.B. (rev. 1963), Sec. 100. Such motion was expressly "not designed to test substantial rights." Id; Morico v. Cox,134 Conn. 218, 221 (1947); but was used, with approval, for a purpose such as that of the instant plaintiff. See Jackson v. Conland,171 Conn. 162 (1976).
The motion to expunge was generally replaced under current rules by the request to revise. P.B., Sec. 147. This pleading is rather broadly applicable to attacks on adversary pleadings such as that with which the instant-plaintiff has concern. The same cannot be said of a motion to strike.
The motion to strike is denied.
GAFFNEY, J.