[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE #194
The plaintiff, the City of Stamford, filed a complaint dated August 31, 1992 seeking foreclosure of certain municipal tax liens against real property owned by Dianne Daddona. Defendant Paul Daddona is a guarantor of the mortgage on the property at issue.[1] Paul Daddona filed an answer, special defenses, set-offs, counterclaims and claims for relief on August 7, 1995. The plaintiff filed a motion to strike the special defenses, set-offs, counterclaims and claims for relief on October 4, 1995.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in CT Page 128 the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v.BOC Group, Inc., supra, 224 Conn. 215.
The plaintiff argues that the special defenses, set-offs and counterclaims are legally insufficient in that such allegations attack acts of the plaintiff and/or its agents which are not recognized by law or equity as a defense or proper claim in a tax foreclosure action, they allege improper assessment which is not recognized as a proper claim for relief or defense, the allegations of fraud and incompetence of the plaintiff and/or its agents are legally insufficient and improperly raised in a tax foreclosure action, Paul Daddonna [Daddona] lacks standing to allege the facts set forth since he is not legally responsible for the taxes owed the City of Stamford, and the counterclaims attack actions of third-party individuals who are not parties to the action.
In granting the plaintiff's previous motion to strike defendant Dianne Daddona's special defenses, set-offs and counterclaims which are substantially similar to those before the court now, the court held "[d]efendants' basis of fraud was in the evaluation process used by the plaintiff and not in the tax lien itself. Connecticut Courts have he that a tax payer may not raise a claim of unlawful tax assessment as a counterclaim or special defense in a municipal tax foreclosure action." Memorandum of Decision, November 4, 1994, Hickey, J. Furthermore, the "unlawful conduct and illegality issues alleged by the defendant [Dianne Daddona] may not be asserted in the State of Connecticut." Id. "Some foreclosure proceedings rely on the equitable nature of the proceedings as grounds for allowing counter claims and defenses not recognized in common law . . . this trend must have a boundary. An analysis of those cases recognizing equitable defenses and counterclaims suggest that they are proper only when they, like their common law counterparts, attack the note itself, rather than some act or procedure by the mortgagor . . . ." Id., quoting Shoreline Bank Trust v. Leninski, 8 Conn. L. Rptr. 522 (1993).
Paragraph one of the special defenses alleges unlawful, discriminatory and improper conduct on the part of the plaintiff, which are legal conclusions and therefore must be stricken.Novametrix Medical Systems v. BOC Group, Inc., supra, 224 Conn. 215. Paragraphs 2-7, 9-12 allege that the assessor improperly CT Page 129 assessed the value of the house and committed fraud and other illegal or improper actions while representing the City of Stamford as an assessor. Such a defense is not recognized by Connecticut in a tax foreclosure action. Paragraph 8 alleges that the Board of Tax Review "does not function as the Conn. General Statutes intended." Again this alleges improper tax assessment, and does not concern the tax itself. As noted in the court's November 1994 decision, the defendant can appeal aggrievement at the hands of the tax assessor to the board of tax review under General Statutes § 12-111 or directly to the Superior Court under General Statutes § 12-112. Memorandum of Decision, November 4, 1994, Hickey, J.
The defendant's set-off again attacks the assessment, alleging that if the assessor, had properly assessed the property, there would have been a downward revision in the assessed value of the property, therefore the plaintiff is liable for that amount. No such cause of action is recognized in Connecticut in a municipal tax foreclosure action.
The counterclaims name the City of Stamford, Stamford's Corporation Counsel, Commissioner of Finance, the Tax Assessor, the lawfirm and the attorney representing Stamford. The plaintiff argues that the counterclaims do not arise from the same transaction as the plaintiff's complaint, and improperly names non-parties. Practice Book § 116 provides, in pertinent part, "any defendant may file counterclaims against any plaintiff . . . provided that such counterclaim and cross claim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint; and if necessary, additional parties may be summoned in to answer any such counterclaim or crossclaim."
The court in Allstate Ins. Co. v. Appell, 39 Conn. Sup. 85,469 A.2d 949 (Hartford-New Britain at Hartford, 1983), summoned in a non-party as a party plaintiff to answer a defendant's counterclaim. The defendant can counterclaim against non-parties. However, "[a] counterclaim should be allowed where the matter raised is `so connected with the matter in controversy under the original complaint that its consideration by the court is necessary to a full determination of the rights of the parties as to such matter in controversy." Id., 88.
The counterclaims allege that those against whom the defendant is counterclaiming "disregarded the provisions of the CT Page 130 Connecticut General Statutes in valuating the defendant's property and engaged in other improper action, which resulted in the plaintiff's filing the improper and illegal tax liens . . . ." Specifically the counterclaims allege that the assessor "generated excessive assessments," the commissioner did not properly supervise the assessor, the lawfirm and its attorney engaged in improper and unnecessary generation of research, pleadings and motions to increase their legal fees, and the town corporation counsel did not properly supervise the attorney and lawfirm.
The defendant urges the court to consider Wallingford v. GlenValley Associates, Inc., 190 Conn. 158, 459 A.2d 525 (1983), in which a municipality brought an action to foreclose sewer and municipal tax liens. The defendant filed an answer and cross complaint alleging monetary damages and an injunction because of alleged unlawful diversion of waters onto the subject property. The court held, "[the defendant's] claim that the plaintiff unlawfully diverted surface water thereby damaging its property sounds in tort. [The plaintiff's] foreclosure action involves enforcement of a lien acquired by operation of law. The factual and legal issues raised by the counterclaim clearly do not arise from the foreclosure action. A substantial duplication of effort would not result if each claim was separately tried." Id., 161. The foreclosure action arises from a statutory lien, and the counterclaims arise from the assessor's actions and the lawfirm's actions, and arise from wholly separate sets of facts. The counterclaims do not arise from the same transaction and therefore the counterclaims and the prayer's for relief should be stricken.
The defendant, Paul Daddona's special defenses, set-offs and counterclaims are stricken.
HICKEY J.