SPRINGFIELD-DEWITT GARDENS, INC. *v.*
JAMES J. WOOD ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, JS.

Argued June 19—decided July 24, 1956

*Ronald G. Tormey,* for the appellant (defendant Joan Wood), with whom was *James J. Wood,* the appellant (named defendant), pro se.

*Harry L. Wise,* for the appellee (plaintiff).

WYNNE, J. In this action the plaintiff seeks to recover damages for rent under a written lease, for the expenses of redecorating the apartment and for attorney's fees as provided in the instrument. The action was brought by writ and complaint dated May 11, 1955, and made returnable to the Court of Common Pleas on the first Tuesday of June, 1955. On October 24, 1955, the defendants, husband and wife, filed an answer which was a general denial. In addition they each filed a counterclaim. The defendant Joan Wood claimed $15,000 damages against the plaintiff on allegations that while she was a tenant of the plaintiff, and through its negligence, she sustained a fall on the premises. The defendant James J. Wood claimed $10,000 damages for loss of his wife's services as a result of the alleged fall.

Coincidental with the filing of the answers and the counterclaims, the defendant James J. Wood filed his appearance, pro se, and the defendant Joan Wood filed an appearance by attorney. The appearances contained the clause "reserving all our rights on appeal arising under our former pleas in special appearance." In connection with appearances as first filed specially, the defendants had attacked the jurisdiction of the Connecticut court. They claimed that they had tort actions against the plaintiff and that it was more convenient for them to try their claims in New York, where the alleged injuries occurred and where the witnesses were located.

The plaintiff moved to expunge the counterclaims, and the motion was granted. A motion was thereupon made that the trial court grant a rehearing on the motion to expunge and that it render a written opinion in passing upon the matter. After arguments on the motion for a rehearing, the court refused to change its decision. The appeal is from the decision of the court granting the motion to expunge the defendants' counterclaims and "from the decision denying defendants' request for rehearing thereon."

The appeal in final analysis raises but two questions of law. The defendants assigned error in the "granting of the motion to expunge the defendants' counterclaims." In their brief the questions are stated as follows: "Is the plaintiff's motion to expunge a proper pleading to test the sufficiency of the defendants' counterclaims; and if so, [do] the defendants' counterclaims fall within the purview of General Statutes Rev. 1949 § 7818?"

The action at bar is in contract. In such an action a counterclaim in tort is not proper unless it is so connected with the matter in controversy under the complaint that its consideration is necessary for a

full determination of the rights of the parties relative to the matter in controversy under the complaint.

The first issue raised by this appeal is whether the motion to expunge was proper. The question with respect to these counterclaims was not whether they failed to state causes of action and therefore were demurrable but whether, in view of their subject matter, they were properly filed in this case. Such a question is correctly raised on a motion to expunge. Practice Book § 59; General Statutes § 7822; see *Harris* v. *First National Bank,* 139 Conn. 749, 753, 97 A.2d 260.

The second question is whether the counterclaims were proper in this case. The plaintiff brought the action on a lease to recover unpaid rent, damages for repairs which it was required to make in the leased premises, and attorney's fees which the lease provided. The action sounds in contract. The basic issue is whether § 7818 of the General Statutes[2] allows these counterclaims. It is to be noted that the defendants in the counterclaims have studiously avoided any reference to a lease. Their answer is a general denial. Thus, from the standpoint of their own pleadings, they negate the existence of a lease. The counterclaims sound in tort and contain the usual allegation that the defendants were tenants in the plaintiff's building and were injured by reason of

[2] "Sec. 7818. COUNTERCLAIM AND SET-OFF HOW PLEADED. In any case in which the defendant has either in law or in equity or in both a counterclaim, or right of set-off, against the plaintiff's demand, he may have the benefit of any such set-off or counterclaim by pleading the same as such in his answer, and demanding judgment accordingly; and the same shall be pleaded and replied to according to the rules governing complaints and answers; provided no counterclaim, set-off or defense, merely equitable, shall be available in any action before a justice of the peace."

a defect in the portion of the premises which was used in common by all of the tenants. It was not alleged that the defendants were injured through any breach of a lease or through any defect in leased premises. The rule under the statute is stated in *Harral* v. *Leverty,* 50 Conn. 46, 63, as follows: "[A] defendant by a counterclaim under the statute, cannot bring in for adjudication any matter that is not so connected with the matter in controversy under the original complaint that its consideration by the court is necessary for a full determination of the rights of the parties as to such matter in controversy, or, if it is of a wholly independent character, is a claim upon the plaintiff by way of set-off." The right of set-off, whether legal or equitable, has always been confined to rights of action arising from contract. "In an action *ex contractu,* therefore, it is not permissible to file a counterclaim sounding in tort unless the subject-matter of the counterclaim is so connected with the matter in controversy under the original complaint that its consideration is necessary for a full determination of the rights of the parties. *Downing* v. *Wilcox,* 84 Conn. 437, 80 Atl. 288." *Schaefer* v. *O. K. Tool Co.,* 110 Conn. 528, 531, 148 A. 330; *Hartford-Connecticut Trust Co.* v. *Riverside Trust Co.,* 123 Conn. 616, 630, 197 A. 766; *Puleo* v. *Goldberg,* 129 Conn. 34, 37, 26 A.2d 359; *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 30, 82 A.2d 146. The crucial issue is whether the subject matter of the counterclaim is so connected with the matter in controversy under the original complaint that its consideration is necessary for a full determination of the rights of the parties.

It would seem that there is an analogy between the situation presented by counterclaims under § 7818 and that presented by joinder of causes of action

under § 7819 and Practice Book, § 35. In *Craft Refrigerating Machinery Co. v. Quinnipiac Brewing Co.*, 63 Conn. 551, 29 A. 76, we pointed out that the Practice Act, which includes these sections of the statutes, is to be favorably and liberally construed as a remedial statute. In that case, we were considering the word "transaction" as used in the clause of the joinder statute (§ 7819) providing that several causes of action may be united in the same complaint if all are "upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action." We said: "So far as we are aware it has never been the subject of any exact judicial definition. It is therefore to be construed as men commonly understand it, when applied, as in our Practice Act it certainly is applied, . . . to any dealings between the parties resulting in wrongs, without regard to whether the wrong be done by violence, neglect, or breach of contract."

In the instant case the matter in controversy under the complaint arises out of a contract, the written lease, while the counterclaims concern tortious neglect of the plaintiff in performing certain duties owed because the parties stood in a landlord and tenant relationship. Although we subscribe to the view that our Practice Act and the rules under it should be liberally construed, we do not consider that the subject matter of the counterclaims is so connected with the matter in controversy under the complaint as to make its consideration necessary to a full determination of the rights of the parties. The liability which the counterclaims seek to enforce does not arise out of the written lease relied upon in the complaint but out of a tort flowing from the neglect of the landlord to keep the portion of the premises

used in common by all the tenants in a reasonably safe condition.

There is no error.

In this opinion DALY, J., concurred; O'SULLIVAN, J., concurred in the result.

INGLIS, C. J. (dissenting). The rule governing the filing of counterclaims is, I believe, correctly stated in the majority opinion. I disagree only with the application of the rule made by the majority in the present case.

In the complaint it is alleged that a landlord and tenant relationship existed between the plaintiff and the defendants. The cause of action set up in the complaint was for a breach of the duties of the defendants to pay rent and to refrain from committing waste. These duties arose out of the relationship of landlord and tenant. The cause of action alleged in the counterclaims was a breach of the plaintiff's duty to use reasonable care to keep reasonably safe for use by the defendants the portion of the apartment house reserved for the common use of the tenants. This duty of the plaintiff arose out of the same relationship of landlord and tenant as that counted upon in the complaint. In other words, the matter in controversy involved in the complaint and the matter in controversy involved in the counterclaims both arose out of the relationship of landlord and tenant existing between the parties. Accordingly, a consideration of the matter set up in the counterclaims is necessary for the full determination of the rights of the parties with reference to the relationship of landlord and tenant counted upon in the complaint. Under the rule stated in the majority opinion, therefore, the counterclaims were properly filed.

In this opinion BALDWIN, J., concurred.