[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff moves to strike the defendant's counterclaim on the ground that it is not sufficiently related to the complaint as required by Conn. Practice Book 116 as it does not arise out of the same transaction.
The plaintiff, State of Connecticut, filed a complaint dated August 17, 1989 alleging that the defendant, Curt F. Beck, Conservator of the Estate of Meredith Beck, refused to pay the plaintiff per capita costs incurred by the defendant's ward as required under 17-295b of the Connecticut General Statutes.
The defendant filed an answer dated January 14, 1990 claiming three special defenses: accord and satisfaction, full reimbursement to the plaintiff for services rendered, and the claim of the plaintiff is inconsistent with sections 17-295(b) and 17-83e of the Connecticut General Statutes and the state's public policy to ultimately return mental patients to community living. Additionally, the defendant filed a counterclaim alleging medical malpractice and negligent care of the defendant's ward by the State of Connecticut at Connecticut Valley Hospital, a state humane institution.
On March 16, 1990 the plaintiff moved to strike the defendant's counterclaim as not being sufficiently related to the complaint as required by Conn. Practice Book 116. As required by Conn. Practice Book 155, the plaintiff filed a memorandum in support of its motion to strike, and the defendant timely filed a memorandum in opposition.
Prior to the 1978 revision to the Conn. Practice Book, the motion to expunge was the proper device to raise a question of whether the subject matter of a counterclaim was so connected with the matter in controversy of the original complaint that consideration of the counterclaim was necessary to fully determine the rights of the parties. Springfield-Dewitt Gardens, Inc. v. Wood, 143 Conn. 708, 712,713 (1956). "The request to revise [Conn. Practice Book 147(2)] is a motion for an order directing the opposing party to revise his pleading in the manner specified. It incorporates, in Practice Book 147(2) the former motion to expunge." Royce v. Westport, 183 Conn. 177, 180 (1981). A request to revise is used "[w]henever any party desires to obtain . . . (2) the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading . . ." Conn. Practice CT Page 850 Book 147(2) (rev'd to 1978, as updated to October 1, 1989). "If a party perceives that a counterclaim is not one which can be properly asserted in the action, he now files a request to revise claiming the deletion of the counterclaim as an `improper allegation.' If the objection is to the form of the counterclaim, the correct challenge would also be the request to revise." 1 Stephenson, Connecticut Civil Procedure 131(c) (A. Covello, J.2d ed. Supp. 1982) (footnote omitted).
A request to revise and not a motion to strike is the proper procedure to challenge whether the subject matter of a counterclaim is sufficiently related to the matter in controversy of the original complaint. However, the court elects to reach the merits of the Motion to Strike in the instant case.
A counterclaim can be brought provided it arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint. Conn. Practice Book 116 (rev'd to 1978, as updated to October 1, 1989). The plaintiff argues that the defendant's counterclaim does not arise from the same transaction as the underlying cause of action. Whether a counterclaim and complaint are transactionally related and properly joined depends upon judicial economy and whether the same issues of fact and law remain to be decided. Jackson v. Conland, 171 Conn. 161 (1976); Hebrew Home and Hospital Inc. v. Rabinowitz, 11 Conn. Law Trib. No. 11, p. 10 (September 20, 1984, Hennessey, J.).
The plaintiff's claim in the instant action is based upon an alleged statutory right of reimbursement for any unpaid portion of per capita cost from any patient who has received care in a state humane institution under Conn. Gen. Stats. 17-295b (rev'd to 1989). This statute is silent regarding the issue of whether reimbursement is required regardless of quality of care received. The plaintiff argues that the counterclaim is based in tort for an unliquidated claim of malpractice which does not arise out of the same transaction as the plaintiff's complaint.
The defendant argues that its counterclaim arises out of the same transaction as the plaintiff's complaint, as its counterclaim challenges the right of the plaintiff state to collect for allegedly negligent services. The defendant further argues that a determination of the claim and counterclaim will require the hearing of the same evidence on services provided, quality of services and the patient's subsequent deterioration.
We agree that the subject matter of the counterclaim is CT Page 851 so connected with that of the original complaint that both must be considered to fully determine the rights of the parties. Also, in the interest of judicial economy the original claim and the counterclaim should be considered at the same time.
Accordingly, the motion to strike the counterclaim is denied.
M. HENNESSEY, J.