[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE (108)
The plaintiff's complaint seeks to enforce a $7,878.45 judgment rendered against the defendant Ziyadeh in the District Court of Waltham, Massachusetts. The defendant's counterclaim alleges that the defendant entered into a contract with the plaintiff based upon the false representations of the plaintiff's agent and a CUTPA violation resulted. The defendant's special defense asserts that the state of Massachusetts was without jurisdiction in this matter because, inter alia, the defendant had no connection with Massachusetts such that he should have reasonably anticipated being haled into court there.
The plaintiff seeks to strike both the counterclaim and the special defense. On a motion to strike, the facts alleged in the complaint are construed in the manner most favorable to the pleader. Amodio v. Cunningham, 182 Conn. 80, 82 (1980). Connecticut Practice Book 116 provides that a counterclaim must arise out of the transaction which is the subject of the plaintiff's complaint. Conn. Practice Bk. 116; Wallingford v. Glen Valley Associates, Inc., 190 Conn. 158, 160 (1983). The crucial issue is whether the subject matter of the counterclaim is so connected with the matter in controversy under the complaint that its consideration is necessary for a full determination of the rights of the parties. Springfield-DeWitt Gardens, Inc. v. Wood, 143 Conn. 708, 713 (1956). The plaintiff's complaint seeks to enforce a judgment and makes no mention of the contract upon which the counterclaim is based. Therefore, the counterclaim does not meet the transaction test of Practice Book 116 and is not necessary for a full determination of the rights of the parties. Accordingly, the counterclaim should be stricken. CT Page 401
The plaintiff seeks to strike the aforementioned special defense on the grounds of legal insufficiency. As noted, the special defense asserts, in part, facts which allege that the Massachusetts court did not have jurisdiction in this matter. A party can defend against the enforcement of a foreign judgment on the ground that the court that rendered the judgment lacked personal jurisdiction. Packer Plastics, Inc. v. Laundon,214 Conn. 52, 56 (1990). Therefore, the defendant's special defense, viewed most favorably to the pleader, is legally sufficient.
Accordingly, the motion to strike is granted as to the counterclaim and denied as to the special defense.
DORSEY, JUDGE
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 406