[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE NO. 120
The motion to strike raises the sufficiency of the defendants allegations of set off and counter claims.
The following facts are relevant to the disposition of this matter.
Plaintiff's, the estate of F. Francis D'Addario and four executors, brought a one-count amended complaint on June 17, 1991 for breach of agreement by defendant, Virginia D'Addario. The complaint alleges that the defendant has violated a written agreement by bringing a lawsuit against the plaintiffs.
On August 29, 1991 defendant filed an amended answer and setoffs. The first setoff alleges that plaintiffs are in breach of a previous agreement whereby monetary damages are owed to the defendant. The second setoff alleges that the plaintiffs are indebted to the defendant for monies and properties converted. The third setoff alleges that the decedent borrowed money against trusts of which defendant is beneficiary, which money has not been repaid. The fourth setoff alleges that the plaintiffs created waste by not recovering monies indebted to the estate, thereby creating a loss to three spray trusts of which defendant is a beneficiary
The fifth setoff alleges that the plaintiffs did not pay the defendant her proportionate share of income from fifteen trusts.
On October 11, 1991 plaintiffs filed the instant motion to strike defendant's setoffs and counterclaims. Pursuant Practice Book 155 each party timely filed a memorandum of law. CT Page 548
A motion to strike is the proper vehicle with which to test the legal sufficiency of any answer to any complaint, counterclaim or any part of that answer including any special defense contained therein. Practice Book 152(5). In ruling on a motion to strike the court is limited to the facts alleged in the pleading. Rowe v. Godeu, 209 Conn. 273, 278,550 A.2d 1073 (1988). The court must construe the facts in the pleading most favorably to the non movant. See Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1985).
The plaintiffs maintain that even though the defendant titled her pleadings as setoffs, they actually are counterclaims. The plaintiffs claim that the alleged counterclaims are unrelated to the breach of contract action alleged in the complaint and therefore should be stricken because they arise from a different set of facts.
The plaintiffs further maintain that the setoffs should be stricken because defendant's claims are not liquidated and setoff is not applicable.
The defendant counters that the setoffs are not counterclaims as they arise from unrelated circumstances. She maintains that the setoffs are properly plead since they arise from an independent set of facts. Furthermore, the defendant argues that the fact that the setoffs are unliquidated is not a reason to strike them. Lastly the defendant argues that the setoffs can be reduced to damages for a sum certain by presenting evidence.
 I
Setoffs
General Statutes 52-139 (a) states: "In any action brought for the recovery of a debt, if there are mutual debts between the plaintiff or plaintiffs, or any of them, and the defendant or defendants, or any of them, one debt may be setoff against the other".
"The right of setoff, whether legal or equitable, has always been confined to rights of action arising out of a contract. A proper setoff alleges a debt that is presently due and arising from a contract or liquidated claim.
The debt must be a mutual one. Mutual debts are cross debts in the same capacity and right and of the same kind and quality: they must exist between the parties in their own right and they CT Page 549 must be clearly ascertained and liquidated. `"Armatino v. Romano, 1 Conn. L. Rptr. 60, 61 (November 28, 1989), Cretella, Jr.) (citations omitted).
"The general rule requires that both debts must be due and payable . . ." Hartford National Bank Trust Co. v. Riverside Trust Co, 117 Conn. 276, 280, 167 a 811 (1933). "Where there are no equitable considerations involved, a defendant, under this statute [General Statutes 5551, now codified as 52-139], can setoff debts only where they are presently due him. "Bridgeport City Trust Co. v. Niles-Bement Pond Co, 128 Conn. 4,10, 20 A.2d (1941).
It is clear that the defendant has not alleged in any of the setoffs that the plaintiffs owe her a liquidated sum. It is further noted that the defendant has not alleged that the debts are presently due and payable. Therefore it is found that the absence of key elements to state a claim for setoff renders the setoffs insufficient. It is clear that plaintiff's motion to strike defendant's setoffs should be granted.
 II
Counterclaims
"[T]he distinction between a setoff and a counterclaim centers around whether the claim arises from the same transaction described in the complaint.
If the claim involves a debt which is mutual and liquidated, even though it arises from separate transactions, it is characterized as a setoff. See General Statutes 52-139. If the claim arises out of the same transaction described in the complaint, it is characterized as a counterclaim. The title of the pleading is not controlling. The issue is, rather, whether sufficient facts are pleaded that would allow recovery as a setoff or as a counterclaim". Northwestern Electric, Inc. v. Rozbecke, 6 Conn. App. 417, 426, 505 A.2d 750 (1986) (cite omitted)
"[A] counterclaim must arise out of the transaction which is the subject of the plaintiff's complaint. "Wallingford v. Glen Valley Associates, 190 Conn. 158, 160, 459 A.2d 525
(1983). "The crucial issue is whether the subject matter of the counterclaim is so connected with the matter in controversy under the original complaint that its consideration is necessary for a full determination of the rights of the parties. Springfield — Dewitt Gardens, Inc. v. Wood, 143 Conn. 708
713, 125 A.2d 488 (1956). CT Page 550
It is clear that the original complaint involves an agreement which defendant allegedly breached by bringing four appeals and an action for an injunction against the plaintiffs. The agreement states:
 5. (a) From on and after the signing of this Agreement she shall not be entitled to and will not participate in or take part in Estate deliberations or decisions as regards the Estate or its property.
 She further waives any and all rights in equity and in law which may now or hereafter exist in her favor against the Executors as regards their administration of the Estate and the validity of their decisions, including the rights to maintain a lawsuit of any nature against the Executors or the Estate in any matters relating to the Estate, its administration, the businesses or business interest of the Decedent, or sales or dispositions of the Decedent's properties, except for willful fraud, malfeasance or dishonesty. Material data involving the Estate will be furnished to counsel appointed by Virginia from time to time on a periodic bases.
The "setoffs or counterclaims" arise out of a conversion of trust property by the decedent and violations of obligations owed by plaintiffs to the trust. The defendant acknowledges that the setoffs are independent of the original complaint.
It is found that the subject matter of the alleged circumstances do not arise out of the subject matter of the original complaint, which involves a contract not to sue. Therefore it is found that the pleadings titled setoffs do not allege sufficient counterclaims.
It is found that the defendant alleges insufficient facts to state claims for setoffs or counterclaims. Therefore the plaintiff's motion to strike is granted.
WM. J. McGRATH, JUDGE