[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO REARGUE MOTION FOR SUMMARY JUDGMENT, MOTION FOR SUMMARY JUDGMENT AND MOTION FOR SANCTIONS
The Motion to reargue the Motion for summary judgment is granted and in fact the Court allowed the parties to argue this matter on December 17, 1991. Regarding the Court's authority to entertain a Motion to reargue, see K. A. Thompson Electric Co. vs. Wesco, Inc. 24 Conn. App. 758 (1991) and Springfield-Dewitt Garden, Inc. vs. Wood, 143 Conn. 708 (1956).
The Motion for summary judgment alleges that certain information was illicited from the defendant at his deposition which refutes statements he made in his counter affidavit in objection to the plaintiff's Motion for summary judgment which this Court heard and denied on April 29, 1991.
In his affidavit of February 13, 1991 the defendant stated:
 Timothy Crosby was travelling on the same road immediately in front of my vehicle.
 Timothy Crosby caused his vehicle to stop suddenly and without warning, thereby forcing me to collide with the rear of his vehicle.
 In his deposition dated October 9, 1991 the defendant testified:
 Q. That's fine. And you say that you didn't see the vehicle of the plaintiff, the vehicle that you struck until just before the collision.
A. Right.
 Q. Now let's go back over that again. You don't remember seeing Mr. Crosby in front of you at any time while you were proceeding down Forest Road.
A. No. I didn't see him in front of me.
Q. You didn't see him in front of you.
A. No.
 Q. But did you have a clear field of vision as you were coming down Forest Road to see his vehicle?
A. I don't understand.
Q. As you were coming down Forest Road? CT Page 1614
A. Um-hum.
Q. Could you see down the road?.
A. Yes.
Q. There was nothing destructing your vision at any time?
A. No.
Q. So you didn't see Mr. Crosby make a sudden stop?
A. No.
The Court is also familiar with the cross-examination of the defendant by his own attorney at the deposition.
The Court finds discrepancy between the defendant's affidavit and his testimony at the taking of his deposition. Although I believe the defendant has been untruthful, I shall refrain from referring him to the State Attorney's Office for prosecution.
There is also no question in the Court's mind but that this accident happened as a result of the defendant not watching where he was going.
In view of the foregoing the Motion for summary judgment as to liability is granted.
The Motion for sanctions is also granted and counsel fees in the amount of $500.00 are awarded to plaintiff's counsel.
ROBERT C. FLANAGAN, JUDGE OF SUPERIOR COURT