[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff instituted the present action claiming that it specially manufactured goods for the defendant and that delivery was tendered to the defendant as requested and that the defendant has failed to pay for the goods as agreed. The defendant has filed an answer, special defense and counterclaim and has also asserted, by way of set-off, that the plaintiff has breached a separate and distinct agreement with the defendant causing the defendant to sustain financial losses in the nature of lost profits. The plaintiff has moved to strike the claim of set-off on the grounds that it fails to allege liquidated damages and, therefore, fails to properly allege a mutual debt pursuant to the provisions of General Statutes 52-139 which provides in part, as follows:
 "(a) in any action brought for the recovery of a debt, that there are mutual debts between the plaintiff or plaintiffs, or any of them, and the defendant or defendants, or any of them, one debt may be set-off against the other."
The defendant does not dispute that the claim asserted in the set-off is not a claim for a liquidated sum of money as that term has been defined, but asserts that the court should allow the set-off on equitable principals and to avoid the necessity of the institution of a separate action. The claim asserted by the plaintiff does not seek equitable relief but seeks only monetary damages. The claims for lost profits in the set-off are wholly distinct from the claims asserted in the complaint and do not constitute a mutual debt within the meaning of our statute. See such cases as D'Addario v. D'Addario, 8 CSCR 211 (Feb. 17, 1992, McGrath, J.); Cecos International, Inc., v. Delfino, 3 CSCR 698
(Aug. 2, 1988, O'Conner, J.).
Accordingly, the Motion to Strike the set-off is granted.
RUSH, J.