[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves a complaint against Union Carbide Corporation which alleges that on June 6, 1989, the plaintiff, Jean Claude Telusmar, while in the course of employment with Arcade Building Services ("Arcade"), was entering a freight elevator on the third floor of a building owned by the defendant and was caused to fall due to the carelessness and negligence of the defendant. The asserted carelessness and negligence consisted of failing to keep the floor in a safe condition, and, inter alia, in failing to remedy the floor's slippery condition. Thereafter, Arcade filed a motion to intervene as a co-plaintiff pursuant to General Statutes, Sec. 31-293, and an intervening complaint CT Page 5363 claiming that "any damages recovered in this action shall be so apportioned that it will be reimbursed to them in the amounts it has paid and/or may become obligated to pay to or on behalf of said Jean Claude Telusmar under the Workers' Compensation Act."
In response to the intervening complaint, the defendant filed an answer, three special defenses, and a three count counterclaim. In the first special defense, it alleges that the plaintiff's injuries were caused solely by the negligence of Arcade; in the second special defense, it alleges that the alleged injuries were caused by the negligence of the plaintiff without any negligence on its part; and in the third special defense, it alleges that Arcade is vicariously liable for the negligence of the plaintiff, which caused the alleged injuries.
In the first count of the counterclaim, the defendant alleges that it had a contract with Arcade, whereby Arcade agreed to perform all custodial services at the building, and agreed to defend, indemnify and hold harmless the defendant from and against all claims, liabilities, losses, damages and expenses for bodily injury sustained by any person, including the employees of Arcade, in connection with the work to be performed by Arcade. Therefore, if the defendant is liable to the plaintiff, Arcade by virtue of its indemnification agreement, must indemnify the defendant. In the second count, the defendant alleges that Arcade breached its contract with the defendant when it refused to indemnify and hold harmless the defendant for the claims of the plaintiff, and by failing to provide insurance as required by the contract. In the third count, labeled Independent Legal Relationship — Common Law Indemnity, the defendant alleges that "[a]s a result of their contractual relationship, Arcade owed Union Carbide a duty, among other things, to maintain the area where plaintiff Telusmar allegedly fell in a reasonably safe condition." As a result, if the defendant is liable to the plaintiff, Arcade must indemnify the defendant because Arcade's negligence was the direct, immediate and substantial cause of the accident.
On January 19, 1993, Arcade filed a motion to strike the special defenses and counterclaims. In the accompanying memorandum of law, Arcade argues that the counterclaims should be stricken because they do not arise out of the same CT Page 5364 transaction which is the subject of the plaintiff's complaint, as required by Practice Book, Sec. 116. Arcade then argues that the special defenses should be stricken because the negligence of the employee and employer is not a defense to the intervening complaint in an action based upon General Statutes, Sec. 31-293, a statutory cause of action.
The function of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138,142. The motion admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. (Emphasis in original.) Mingachos v. CBS, Inc., 196 Conn. 91, 108. "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." (Citation omitted.) Mingachos v. CBS, Inc., supra, 108-09.
To reiterate, Arcade argues that the court should strike the counterclaims because these claims do not arise out of the same transaction which is the subject of the plaintiff's complaint.
 In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint . . . . A defendant may also file a counterclaim . . . under this section against any other party to the action for the purpose of establishing that party's liability to the defendant for all or part of the plaintiff's claim against that defendant.
Practice Book, Sec. 116. "[T]he transaction test . . . is . . . designed to permit the joinder of closely related claims where such joinder is in the best interests of judicial economy."
 `The `transaction test' is one of practicality, and the trial court's determination as to whether that test has been met ought not be CT Page 5365 disturbed except for an abuse of discretion . . . . Where the underlying purposes of Practice Book, Sec. 78 [now Sec. 116], to wit, judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action, are thwarted rather than served by the filing of a . . . [counterclaim], the . . . [counterclaim] may properly be expunged.'
(Citation omitted.) Wallingford v. Glen Valley Associates, Inc., 190 Conn. 158, 161; Jackson v. Conland, 171 Conn. 161,166-67. "The crucial issue is whether the subject matter of the counterclaim is so connected with the matter in controversy under the original complaint that its consideration is necessary for a full determination of the rights of the parties." Springfield-Dewitt Gardens, Inc. v. Wood, 143 Conn. 708, 713.
In the present case, the subject matter of the counterclaim is whether Arcade, by virtue of its contract with the defendant to perform custodial services, must indemnify the defendant for injuries sustained by the plaintiff, who is an employee of Arcade. The defendant's counterclaim is so connected with the plaintiff's complaint that its consideration is necessary for a full determination of the rights of the parties. In addition, the defendant filed the counterclaim against Arcade for the purpose of establishing Arcade's liability to the defendant for all of the plaintiff's claims against the defendant, consistent with the last sentence of Practice Book, Sec. 116. Accordingly, this court cannot sustain Arcade's motion to strike it.
Arcade next argues that the special defenses should be stricken because the negligence of the employer and the employee cannot be considered in a statutory action commenced pursuant to General Statutes, Sec. 31-293. "A claim of comparative negligence by the employer and a claim of comparative negligence of the employee present different considerations." Air Flo v. Consolidated Engineers Constr., 8 CSCR 248, 249 (January 13, 1992, Fuller, J.); Durniak v. August Winter Sons, Inc., 222 Conn. 775, 781. "It is similarly inappropriate . . . for us to undermine the tradeoffs that underlie workers' compensation by importing contributory or comparative negligence into the no-fault workers' compensation reimbursement program." Id. As a CT Page 5366 result, the defendant cannot assert any negligence on the part of Arcade in a reimbursement action pursuant to Sec.31-293, and the motion to strike the first special defense, which alleges that Arcade's negligence was the cause of the plaintiff's injuries, is stricken. In addition, since the court cannot consider the negligence of the employer in a reimbursement action pursuant to Sec. 31-293, the court also grants the motion to strike the third special defense, because that defense, although it does not ask the court to consider the direct negligence of the employer, asks the court to attribute the negligence of its employee, the plaintiff, pursuant to the doctrine of Respondeat superior.
In the second special defense, the defendant alleges that the plaintiff's negligence prevents or reduces Arcade's reimbursement recovery. "The employer's right of recovery of workers' compensation payments from a third party who injured an employee is a derivative cause of action in that the employer has no cause of action unless the employee could recover against the third party, so that the employer cannot recover any more than the employee himself can recover." Air Flo v. Consolidated Engineers Constr., supra, 249. Therefore, although the court cannot consider the negligence of an employer, the court can consider the comparative negligence of the employee. It, therefore, denies Arcade's motion to strike the second special defense.
An order may enter in accordance herewith.
Moraghan, J.