[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFFS MOTION TO STRIKECOUNTERCLAIM AND SET-OFF
The plaintiffs move to strike the defendants' counterclaim and set-off. For the reasons stated below, the motion is granted.
The plaintiffs in October of 1994 brought this lawsuit for what is essentially a contract claim. In response to this claim, the defendants filed an answer and a "counterclaim and set-off." The defendants allege that the plaintiffs caused another lawsuit to be brought in the name of another party, i.e. Sovereign Homes, Inc., against the defendants; that the other lawsuit was dismissed for failure to prosecute on December 9, 1994; that the other lawsuit constituted vexatious litigation; and that the defendants were injured as a result of plaintiffs' tortious conduct.
In analyzing the parties contentions, this court assumes that the defendants' tort claim arises out of the same transaction as the plaintiffs' contract claim. To assume otherwise would mean the defendants have plead contrary to Connecticut law. Counterclaims are limited "to such claims as are `against the plaintiff's demand.'" Stephenson, Conn. Civil Procedure, (2nd ed.) § 129, p. 131. Section 116 of the Practice Book provides that "any defendant may file counterclaims against any plaintiff . . . provided each such counterclaim . . . arises out of the transaction . . . which is the subject of the plaintiff's complaint. . . ." While the defendants have also called their counterclaim a set-off, this latter label is a misnomer. As to set-off, "the debt sought to be set off must be a liquidated debt, not a claim for unliquidated damages, and the debt must be payable at the time the plaintiff initiated his action." Stephenson, Conn. Civil Procedure, § 129(e), p. 537. An unliquidated tort claim can not be set off against a contract claim. See Springfield-Dewitt Gardens, Inc. v. Wood, 143 Conn. 708,712-14 (1956). The court construes the defendants' tort claim for vexatious litigation as being based on a lawsuit which was brought to enforce claims similar to the contractual claims plaintiffs are asserting in this case.
"In suits for vexatious litigation, it is recognized as sound policy to require the [party bringing the suit] to allege that CT Page 4848 prior litigation terminated in his favor." Blake v. Levey,191 Conn. 257, 263 (1983). One of the concerns underlying the requirement of "successful termination" is the danger that defendants will use a vexatious suit as a means of making a counterattack to an ongoing proceeding. DeLaurentis v. New Haven,220 Conn. 225, 251 (1991). This concern appears to be implicated in this case. The defendants are using a tort claim as a counterattack on the plaintiffs' ongoing efforts to enforce their contractual rights. Because the defendants have not adequately alleged that this ongoing effort has successfully terminated in the defendants' favor, the defendants have failed to allege the elements of a cause of action for vexatious litigation.
The motion to strike is granted.
THIM, JUDGE