[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Eightball, Inc. and Kenneth Ginsburg, filed a complaint on April 26, 1995. The complaint alleges that on March 1, 1995, the plaintiffs received a demand for arbitration from the defendants, John and Dolores Murray (the Murrays), seeking damages for default of a promissory note. Additionally, the CT Page 12781 plaintiffs allege that the note did not contain an arbitration provision nor did the plaintiffs agree to submit the note to arbitration. The plaintiffs further allege that the defendant, American Arbitration Association, Inc., notified them by letter dated April 13, 1995 that any issue of arbitrability may be determined by the arbitrator. The plaintiffs seek a declaration that the issue of arbitrability he determined by a court of competent jurisdiction.
The Murrays filed an answer and counterclaim against the plaintiff, Kenneth Ginsberg, on June 16, 1995. In their counterclaim, the Murrays allege that Ginsberg signed an agreement of guarantee and suretyship on April 29, 1994. They allege that the agreement guaranteed indebtedness that was evidenced by a promissory note dated April 29, 1994. The Murrays further allege that the note has not been paid by its payor and is in default. Finally, the Murrays allege that Ginsberg, as guarantor, has failed to make the payments due under the promissory note.[1]
On June 26, 1995 the plaintiff, Kenneth Ginsberg, filed a motion to strike the Murrays' counterclaim on the grounds that the issues contained in the counterclaim do not arise out of the subject matter of the complaint and that they are not necessary for a full determination of the parties' rights.[2]
As required by Practice Book § 155, Ginsberg has filed a memorandum in support of his motion to strike, and the Murrays have timely filed a memorandum in opposition.
A motion to strike tests the legal sufficiency of a pleading.RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 384,650 A.2d 153 (1994) It "may properly be used to challenge the sufficiency of a counterclaim. . . ." Fairfield Lease Corp. v. Romano's AutoService, 4 Conn. App. 495, 496, 495 A.2d 286 (1985). "The motion to strike . . . admits all facts well pleaded." Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "In ruling on the motion to strike, the court is limited to the facts alleged in the [pleading]." Novametrix Medical Systems, Inc. v BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 75 (1992). These facts must be construed "in a light most favorable to the pleader." RKConstructors, Inc. v. Fusco Corp., supra, 231 Conn. 384.
"Practice Book § 116 provides in relevant part that `[i]n any action for legal or equitable relief, any defendant may file CT Page 12782 counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint. . . ." Atlantic Richfield Co. v. Canaan Oil Co.,202 Conn. 234, 251, 520 A.2d 1008 (1987). A counterclaim "has been defined as a cause of action existing in favor of a defendant against a plaintiff which a defendant pleads to diminish, defeat or otherwise affect a plaintiff's claim and also allows a recovery by the defendant." (Internal quotation marks omitted.)Home Oil Co. v. Todd, 195 Conn. 333, 487 A.2d 1095 (1985). The purposes of a counterclaim are "judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action. . ." Wallingfordv. Glen Valley Associates, Inc., 190 Conn. 158, 161, 459 A.2d 525
(1983).
A transaction has been defined as "an act or agreement, or several acts or agreements, having some connection with each other by which the legal relations of such persons between themselves are altered." Statewide Concrete v. Safeco Company ofAmerica Inc., Superior Court, judicial district of Tolland at Tolland, Docket No. 20436 (April 16, 1980) (6 Conn. L. Trib. 13), citing Craft Refrigerating Machine Co. v. Quinnipiac Brewing Co.,63 Conn. 551, 560-61, 29 A. 76 (1893).
In ruling on whether the counterclaim satisfies this transaction test, "[t]he crucial issue is whether the subject matter of the counterclaim is so connected with the matter in controversy under the original complaint that its consideration is necessary for a full determination of the rights of the parties" Springfield-Dewitt Gardens, Inc. v. Wood, 143 Conn. 708,713, 125 A.2d 488 (1956) "Where, more particularly, such a challenge is raised by a motion to strike, the question is whether the requisite degree of connectedness can fairly be inferred from the well-pleaded allegations of the counterclaim itself." Business Brokers of North America v Sillman, Superior Court, judicial district of Hartford/New Britain at New Britain Docket No. 443735 (January 3, 1992, Sheldon, J.).
Ginsberg argues in his memorandum in support or the motion to strike that liability under the promissory note does not arise out of the subject matter of the original complaint. He further argues that the "subject matter of the counterclaim is not remotely connected with the matter in controversy under the original complaint" and its consideration is "completely CT Page 12783 unnecessary for a full determination of the rights of the parties."
In their counterclaim, the Murrays allege that Ginsberg is liable for payments due under an agreement of guarantee and suretyship. They further allege that this agreement was executed to secure the promissory note which is the subject of the complaint.
The court finds that the liability under the agreement of guarantee and suretyship is connected with the arbitrability of the promissory note that its consideration is necessary for a full determination of the parties' rights, therefore the plaintiff's motion to strike the counterclaim is denied. SeeMarine Midland Bank v. Gibbs, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 284887 (January 14, 1993, Spear, J.) (holding that the "allegations asserted in [the] counterclaim . . . evidence a group of interrelated agreements between the parties, including the promissory note that is the subject of the complaint. As the allegations in [the] counterclaim . . . arise from the same facts set forth in the note and the transaction alleged in the complaint, the motion to strike the . . . counterclaim is denied").
Zoarski, J.