[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter concerns the defendant's motion for summary judgment and plaintiff's motion to strike defendant's counterclaim. On January 10, 1996, the plaintiff, Westport News, Inc., (Westport) filed an amended and revised multi-count complaint against the defendant, Minuteman Press, Inc. (Minuteman), alleging, inter alia, violations of CUPTA and interference with business and contractual relations. The pertinent allegations assert that Westport and Minuteman are CT Page 6523 newspapers competing for circulation and advertising revenue; that Minuteman distributed a chart comparing the circulation and advertising rates of the two newspapers which intentionally misrepresented Westport's total circulation as being lower than it actually was in order to induce businesses to advertise with Minuteman rather than Westport.
On August 23, 1996, Minuteman filed an answer (#126) that included five special defenses and a three-count counterclaim. On September 6, 1996,. Minuteman followed with a motion for summary judgment (#128) on its second special defense. Thereafter, on September 11, 1996, Westport filed a motion to strike Minuteman's counterclaim (#130). Both these motions are now before the court. Minuteman is thus seeking, in effect, to preclude Westport from proceeding on the 1st and 2nd counts of its complaint while Westport is seeking to preclude Minuteman from proceeding on its entire counterclaim.
Defendant's Motion for Summary Judgment on 2nd count of SpecialDefense
It is well settled that a defendant may move for summary judgment on the merits of a special defense where success on the defense will lead to a judgment against the plaintiff on the claim to which the special defense applies. See, e.g., Burns v.Hartford Hospital, 192 Conn. 451, 455 (1984), Boucher Agency,Inc., v. Zimmer, 160 Conn. 404, 409 (1979); Ney v. Brandi,
Superior Court, Judicial Dist of New Haven, Docket No. 368932 (Sept. 27, 1995, Hodgson, J.)
Minuteman's second special defense alleges that the plaintiff's allegations under paragraphs 8 in the first and second counts of its complaint allege that Minuteman sold advertising at a random and arbitrary rates below it s published rate card rates, without a criteria or categorical rate structure and it priced its advertising below its cost to eliminate competitors and reduce competition fails to state a claim under CUTPA because these allegations still lack the necessary elements to establish a cause of action for "predatory pricing". Westport counters that it is not necessary to allege a specific theory of recovery such as "predatory pricing" in order to state a cause of action under CUTPA. This court agrees.
CUTPA prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or CT Page 6524 commerce. sec. 42-110b(a) CGS. The legislature did not codify a comprehensive list of"unfair or deceptive acts or practices", but rather, articulated its intent that in construing the scope of the statutory prohibition, the courts shall be merely guided by
the interpretations given by the Federal Trade Commission and the federal courts to the Federal Trade Act. Caldor, Inc., v. Heslin,215 Conn. 590, 598, 577 A.2d 1009, cert. den., 498 U.S. 1088,111 SCt 966, 112 LEd 2d 1053 (1990). This relaxation from strict adherence to guidance was presumably intended by the legislature to permit practices which had not yet been specifically declared unlawful by federal authorities to be nevertheless unlawful under CUTPA. Id. citing Bailey Employment System, Inc. v. Hahn,545 F. Sup. 62, 71 (D. Conn., 1982). The federal courts have determined that an act or practice is deceptive if three requirements are met. First, there must be a representation, omission, or other practice likely to mislead consumers; second, the consumer must interpret the message reasonably under the circumstance; and third, the misleading representation, omission, or practice must be material, i.e., likely to affect consumer decisions or conduct. Caldor, Inc., v. Heslin, supra, 597 quotingFiggie International, Inc., 107 FTC 313, 374 (1986). Although the theory of "predatory pricing" may be well defined under federal law, as Minuteman argues, a complaint under CUTPA is not limited to federally defined causes of action in bringing an action under state law. Caldor, Inc., v. Heslin, supra,; Bailey EmploymentSystem, Inc. v. Hahn, supra.
Notwithstanding that plaintiff's revised and amended complaint fails to allege the essential elements of a "predatory pricing" cause of action, its allegations do bring it within the parameters of the three requirements set forth above. Plaintiff alleges that Minuteman made a misrepresentation of fact concerning Westport's circulation rates. Giving the allegations an interpretation most favorable to the non-moving party, it was reasonable for advertisers to interpret this message to mean that placing an advertisement with Minuteman would reach more readers, and therefore, more prospective purchasers of the advertiser's product, than placing the same advertisement with Westport. The plaintiff further alleges that Minuteman's misrepresentation of its circulation rate had the effect of inducing prospective advertisers to change their advertising decisions. Since plaintiff has alleges facts sufficiently to bring it under the CUTPA act, defendant's legal position as stated in its second special defense is clearly undermined. Accordingly motion for summary judgment on that defense must be DENIED. CT Page 6525
Motion to Strike Counterclaim and Prayer for Relief
All three claims in Minuteman's counterclaim allege conduct by Westport which either amounted to a violation of the state's Antitrust law (Chapter 624, CGS) or a violation of CUTPA. All of the conduct complained of in the counterclaim allegedly occurred subsequent to the bringing of the instant action by Westport as well as subsequent to the acts complained of in the complaint. . Accordingly, Westport moves to strike this counterclaim as not arising out of the same transaction or occurrence as that alleged in its complaint. The court agrees.
Section 116 of our Rules of Practice permit a party to assert a counterclaim to the plaintiff's claim provided that counterclaim arose out of the transaction, or one of them, which is the subject of the plaintiff's complaint. To arise out of the same transaction, the allegations of the counterclaim must be so connected with the matter in controversy that it consideration is necessary for a full determination of the rights of the parties relative to the matter in controversy under the complaint.Springfield-DeWitt Gardens v. Wood, 143 Conn. 708, 711-712
(1956). Where the facts of the counterclaim arise subsequent to the institution of the action, the counterclaim ordinarily cannot arise out of that transaction that preceded it. See, TheFulfillment CTR., Inc. v. Steven H. Cote, et al., Superior Court, Hartford/New Britain JD at Hartford, Docket No. 35 31 19 (May 15, 1990) (Purtill, J); Anthony Giordano, et al. V. Gary M.Richitelli, Superior Court, New Haven JD at New Haven, Docket No. 29 68 79 (Sep 13, 1990, Downey, J.) and Daniel Lasprogato v.Brian Liddy, et al, Superior Court, Stamford/Norwalk JD at Stamford Docket No. CV88 0092642S (Aug 15, 1991, Ryan, J.).
Although the parties are locked in competition for a relatively small print advertising market and have been so apparently ever since Minuteman began publishing, the incidents giving rise to the complaint and counterclaim are isolated in time and nature. Consequently, the transactions in question could not logically be a part of an ongoing transaction although they may be part of an ongoing battle. Accordingly, plaintiff's motion to strike defendant's counterclaim and prayer for relief related thereto is GRANTED.
BY THE COURT CT Page 6526
Melville, J