[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
On February 23, 1999, the plaintiff, R.I. Waterman Properties, Inc., filed an amended complaint seeking foreclosure of a mortgage encumbering real property owned by the defendant, the Estate of Ralph A. Negron. The defendant filed an answer and counterclaim on April 26, 1999. The defendant's "counterclaim or right of setoff" consists of six counts, alleging that the plaintiff or its agents broke into the defendant's premises, causing damage to the premises and removing a number of items belonging to the defendant. The defendant's first count alleges conversion and/or theft; the second alleges waste; the third alleges breach of the covenant of good faith and fair dealing; the fourth alleges negligence; the fifth alleges violation of the Connecticut Unfair Trade Practices Act; and the sixth alleges trespass. CT Page 13968
On June 24, 1999, the plaintiff filed a motion to strike six counts of the counterclaim on the grounds that the counterclaim does not attack the making, validity, or enforcement of the note and mortgage, fails to relate to the subject of the plaintiff's complaint, fails to comply with Practice Book § 10-3, attacks acts or procedures of the plaintiff, and fails to defeat the plaintiff's cause of action. The plaintiff's motion also seeks to strike the defendant's claims for setoff on the ground that the defendant has no liquidated claim against the plaintiff. On July 8, 1999, the defendant filed a revised answer and counterclaim, containing no mention of a setoff, but otherwise identical to the answer of April 26, 1999.[1]
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any . . . counterclaim . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Brothers, Inc. v.Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). "The court must construe the facts in the complaint most favorably to the [pleading party]." (Internal quotation marks omitted). Faulknerv. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997).
The plaintiff moves to strike all six counts of the counterclaim on the ground that the counterclaim fails to relate to the subject of the plaintiff's complaint. The plaintiff argues that the counterclaim is insufficient because the facts alleged therein are unrelated to the note and mortgage involved in the plaintiff's claim. The defendant responds that the allegations of the counterclaim are related to the plaintiff's claim because the plaintiff was attempting to enforce its rights under the mortgage when it entered the defendant's premises.
"In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint . . . ." Practice Book § 10-10. Practice Book § CT Page 1396910-10 "is a rule designed to permit the joinder of closely related claims where such joinder is in the best interests of judicial economy." Wallingford v. Glen Valley Associates, Inc.,190 Conn. 158, 161, 459 A.2d 525 (1983). A defendant may not by counterclaim "bring in for adjudication any matter that is not so connected with the matter in controversy under the original complaint that its consideration by the court is necessary for a full determination of the rights of the parties as to such matter in controversy . . . ." Springfield-Dewitt Gardens, Inc. v. Wood,143 Conn. 708, 713, 125 A.2d 488 (1956).
The defendant has failed to plead any facts establishing that the matters alleged in the counterclaim are in any way related to the controversy in the plaintiff's original complaint.
The defendant, in its memorandum of law in opposition to the motion to strike, argues that the claims arise out of the same transaction because the plaintiff was attempting to enforce its rights under the mortgage when it entered defendant's premises. These facts, however, were not pleaded in the defendant's counterclaim. Because the court is limited to the facts alleged in the pleadings, the facts alleged only in the defendant's memorandum of law may not be considered. Furthermore, "[t]he court need not indulge the speculative possibility that facts alleged in the counterclaim may arise from the same transaction as that which underlies the original complaint if the defendant fails to describe such a connection in his pleading." BusinessBrokers of North America, Inc. v. Sillman, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 443735 (January 3, 1992, Sheldon, J.). The plaintiff's motion to strike the counterclaim is granted because the defendant failed to plead facts sufficient to establish a counterclaim arising out of the transaction which is the subject of the plaintiff's complaint.
So Ordered.
THE COURT
WALTER N. PICKETT, JR., J.T.R.