[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#147)
The plaintiff, James G. Diette, alleges the following in his amended complaint filed on April 8, 1998. In 1980, Diette was employed as a dentist by the defendant, Dental Group of Nowalk (Dental Group). The co-defendant, Rudolph A. Passero, was the sole shareholder of Dental Group. In 1981, Passero offered to sell to Diette half of the ownership interest in Dental Group. The parties agreed that the value of Dental Group's practice then was $360,000. In exchange for the offer, the parties agreed that Diette would perform periodic dental work without pay as a credit toward his purchase of the ownership interest. By 1989, Diette was held out to the public as a partner of Dental Group and had in fact become a part-owner of Dental Group. In 1996, Dental Group and Passero attempted to sell Dental Group without accounting for Diette as a part-owner and without reimbursing Diette for his contribution. Diette left Dental Group in December of 1996. Dental Group and Passero have refused to reimburse the CT Page 15417 $180,000 worth of work Diette contributed to the purchase of an ownership interest in Dental Group.
On April 8, 1998, Diette filed the amended complaint, and on April 22, 1998, Dental Group and Passero filed their answer and special defenses. On May 18, 1998 Dental Group filed a request to amend its answer to add a counterclaim pursuant to Practice Book § 10-60. Diette objected to Dental Group's request to amend. The court, Karazin, J., overruled Diette's objection. On September 21, 1998, Diette filed a motion to dismiss the counterclaim. The court, Lewis, J., denied the motion. On April 16, 1999, Diette filed the present motion to strike the counterclaim. Both parties have submitted memoranda of law with regard to the motion to strike.
In its counterclaim Dental Group alleges that Diette entered into a consent order on April 28, 1997, with the Connecticut State Dental Commission. The consent order placed Diette on probation for a period of two years based on allegations of incompetence and malpractice by a former patient arising out of dental work while Diette was still associated with Dental Group. Dental Group alleges that in the wake of its discovery of the consent order, it reviewed the records of patients treated by Diette and discovered that Diette had performed negligent and substandard work on at least twenty-one of his patients who elected to stay with Dental Group after Diette left the practice. Dental Group alleges that it redid or repaired Diette's work at no cost to his former patients. In its counterclaim Dental Group seeks to recover the cost of the repair work.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief in any such complaint . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39; seePeter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulack v. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181
(1993).
"The role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of CT Page 15418 action." (Internal quotation marks omitted.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). "A motion to strike admits all facts well pleaded." Parsons v.United Technologies Corp. , 243 Conn. 66, 68, 700 A.2d 655 (1997). "Practice Book . . . § 10-39 . . . allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment, 244 Conn. 296, 325, 709 A.2d 1089
(1998).
"[A] counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action. . . . A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." (Citations omitted; internal quotation marks omitted.) Fairfield Lease Corp. v.Romano's Auto Service, 4 Conn. App. 495, 496, 495 A.2d 286
(1985).
Diette raises four arguments in his memorandum of law. First, Diette argues that Dental Group has failed to join as an indispensable party his former patients on whom corrective work was allegedly performed. Second, Diette argues that Dental Group's counterclaim does not arise out of the transaction that is the subject of the complaint and therefore falls to constitute a legally sufficient cause of action. Third, Diette argues that Dental Group's counterclaim fails to request a setoff or assert the existence of a liquidated debt giving rise to a setoff. Finally, Diette argues that the counterclaim fails to include a good faith certificate as required under General Statutes §52-190a.
Dental Group argues that the court should regard its two earlier rulings, overruling Diette's objection to Dental Group's request to amend the answer and denying the motion to dismiss the counterclaim, as the law of the case. (Defendant's Memorandum of Law in Opposition, p. 4); citing Breen v. Phelps, 186 Conn. 86,99, 439 A.2d 1066 (1982) ("Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstances.").
The court's earlier overruling of Diette's objection to Dental Group's request to amend and denial of Diette's motion to CT Page 15419 dismiss, have no bearing on this motion to strike because the rulings were on procedural matters, not on merits of the counterclaim.
The court quickly disposes of two of Diette's arguments in support of the motion to strike. Because the counterclaim does not sound in medical malpractice, there is no need to join the alleged victims of medical malpractice as necessary parties. For the same reason there is no need for Dental Group to provide a good faith certificate.
There is merit, however, in Diette's argument that Dental Group's counterclaim does not qualify alternatively as a setoff. Dental Group could have pleaded the same set of allegations alternatively as a setoff, but the failure to do so was not necessarily fatal. "The title of the pleading is not controlling. The issue is, rather, whether sufficient facts are pleaded that would allow recovery as a setoff or as a counterclaim." (Citation omitted.) Northwestern Electric, Inc. v. Rozbecke,6 Conn. App. 417, 426, 505 A.2d 750 (1986).
The law of setoff is governed by General Statutes §52-139(a), the relevant portion of which provides that "[i]n any action brought for the recovery of a debt, if there are mutual debts between the plaintiff . . . and the defendant . . . one debt may be set off against the other." General Statutes §52-139(a). "Mutual debts are cross debts in the same capacity and right and of the same kind and quality; they must exist between the parties in their own right and they must be clearly ascertained and liquidated." Armatino v. Romano, Superior Court, judicial district of New Haven at New Haven, Docket No. 283687 (November 28, 1989, Crettella, J.) (1 Conn. L. Rptr. 60, 61);Rhode Island Hospital Trust v. Martin Trust, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 700674 (February 18, 1992, Burns, J.). In this case, the debts are not mutual, nor are they clearly ascertained and liquidated. Accordingly, Dental Group's counterclaim for damages is not properly pleaded alternatively as a setoff.
The court's disposition of the motion to strike depends finally on whether the counterclaim is legally sufficient in itself. "[A] counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action. . . . Practice Book [§ 10-10] provides CT Page 15420 that a counterclaim must arise out of the same transaction which is the subject of the plaintiff's complaint." (Citations omitted.) Wallingford v. Glen Valley Associates, Inc.,190 Conn. 158, 160, 459 A.2d 525 (1983). The purposes underlying § 10-10 are "judicial economy, avoidance of multiplicity of litigation and avoidance of piecemeal disposition of what is essentially one action. . . ." Id., 161. The transaction test examines whether the actual and legal issues raised by the counterclaim arise from the subject of the complaint. It considers whether the subject matter of the counterclaim is so connected with the matter in controversy under the original complaint that its consideration is necessary for full determination of the rights of the parties.Springfield-Dewitt Gardens, Inc. v. Wood, 143 Conn. 708, 713,125 A.2d 488 (1956); see also Northwestern Electric v. Rozbicki,6 Conn. App. 417, 426, 505 A.2d 750 (1986).
In this case, the subject of the complaint sounds in breach of contract, quantum meruit and unjust enrichment, arising out of the alleged agreement between the parties that exchanged unpaid dental work for an ownership interest in the dental firm. The counterclaim is for monetary damages incurred for corrective work on alleged defective dental work. The counterclaim challenges the right of the plaintiff to collect. A determination of the claim and the counterclaim will require the hearing of the same evidence on services provided by the plaintiff, quality of services and the cost incurred by the defendant to repair alleged substandard or negligent work performed by the plaintiff. SeeState v. Beck, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 366485 (January 14, 1991,Hennessey, J.) (3 Conn. L. Rptr. 105) (denying motion to strike counterclaim, which alleged medical malpractice and negligent care of defendant's ward by state at state humane institution, in state's action to collect statutorily required reimbursement for per capita cost incurred by defendant's ward).
The subject matter of the counterclaim is so connected with that of the complaint that both must be considered to fully determine the rights of the parties. In addition, in the interest of judicial economy the two claims should also be considered at the same time. See State v. Beck, supra, Superior Court, Docket No. 366485. The court denies the motion to strike the counterclaim.
KARAZIN, J. CT Page 15421